**Joanne KING, Plaintiff/Appellee,**

v.

**Fredrick MONTZ and C. R. Montz, Defendants/Appellants.**

**Civ. No. 8961.**

Supreme Court of North Dakota.

June 28, 1974.

Fleck, Mather, Strutz & Mayer, Bismarck, for defendants/appellants.

Mackoff, Kellogg, Kirby & Kloster, Dickinson, for plaintiff/appellee.

KNUDSON, Judge.

This is an appeal from an order dated August 8, 1973, that denied a motion to vacate a default judgment entered by the Burleigh County District Court on April 27, 1973, in favor of the plaintiff Joanne King [hereinafter King], and against the defendants Fredrick Montz and C. R. Montz [hereinafter Montzes], and from the judgment.

On February 4, 1971, King and Fredrick Montz were involved in an automobile accident wherein the Montz vehicle ran into the rear of the King vehicle. The testimony indicates that the King vehicle slid on some ice while stopping and that the Montz vehicle slid on the same patch of ice before hitting the rear of the King vehicle. At the moment of impact King felt two sharp snaps or pains in the back of the neck at the base of the spine, though she did not feel injured or disabled at the time. The next morning King awakened with a stiff neck which persisted for three days, and two weeks later she began to experience occasional sharp pains in her left hip and down the left leg. Pain pills and muscle relaxers were prescribed for King for a while, until she experienced a sudden painful twist in the calf of her right leg which paralyzed it, and she required hospitaliation. While in the hospital she was examined by a specialist and was discovered to have a herniated disc. Surgery was performed on April 9, 1971, to remove fragments from each side of the disc between the fourth and fifth lumbar vertebrae.

Since the time of the surgery, and up to the time of trial, King experienced a constant numbness in the calf of her right leg and down into the toes of the right foot. She has also experienced cramps in the calf of the right leg.

King had no history of back trouble prior to the accident, but since her surgery, and up to the time of trial, she was unable to carry on her normal sports activities, although she had returned to her job and worked the same amount of time she did prior to the accident. King was the only person who testified at trial, and, in reply to a question from the judge, she testified that she could then do eighty percent of the things she could do prior to the accident.

During this period, King's attorney was negotiating with Montz' insurance company for a settlement for King's injuries. Finally, on March 16, 1973, King's attorney telephoned the claims supervisor of Montz' insurance company in Edina, Minnesota, that a summons and complaint had been

prepared and that they would be mailed to the sheriff that day for service on the Montzes. Those pleadings were mailed to the sheriff and were served on the Montzes on March 19, 1973. Fredrick Montz took the pleadings to the local office of his insurance company, where the agent forwarded them to the claims office in Edina, Minnesota. No responsive pleading was submitted by the insurance company on behalf of the Montzes, and on April 27, 1973, a default was proven and a default judgment entered in favor of King for $27,644.45. Copies of findings of fact, conclusions of law, order for judgment and judgment were mailed on May 3, 1973, to Montz' insurance company, and the claims supervisor asserts that the receipt of these documents was the first notice the insurance company had that pleadings had been filed and a lawsuit initiated.

On May 10, 1973, the Montzes moved the trial court to open and vacate the default judgment under Rule 60, North Dakota Rules of Civil Procedure. On August 8, 1973, the trial court ordered that said motion be denied. It is from this order that the Montzes appeal, and they claim that the evidence is not sufficient to justify the judgment, that the award of damages was excessive, and that the trial court abused its discretion in denying Montz' motion to vacate the default judgment.

The view we take of his makes it necessary that we consider only the third issue raised by the defendant, that the trial court abused its discretion in denying Montzes' motion to vacate the default judgment.

Rule 60(b)(1), North Dakota Rules of Civil Procedure, provides, in part:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment or order in any action or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . ."

With regard to this rule, we held in Sioux Falls Construction Co. v. Dakota Flooring, 109 N.W.2d 244 (N.D.1961), Syllabus 1, 3 and 5, that:

"1. Rule 60(b), N.D.R.Civ.P., providing for relief from default judgment has superseded Section 28–2901, NDRC 1943. This rule, like the statute which it superseded, is remedial in nature and should be liberally construed and applied.

"3. Where a default has been regularly entered it is largely within the discretion of the trial court to say whether the defendant shall be permitted to come in afterwards and make his defense and, unless an abuse of discretion be made to appear, this court will not interfere.

"5. Ordinarily, where a judgment has been entered by default and a prompt application made at a reasonable time to set it aside, with a tender of an answer disclosing a meritorious defense, the court should, on reasonable terms, sustain the motion and permit the cause to be heard upon the merits."

Federal Civil Rule 60(b), from which our Civil Rule 60(b) is derived, has been interpreted to mean, "Where timely relief is sought from a default judgment and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the judgment so that cases may be decided on their merits." 7 Moore's Federal Practice (2d ed.) ¶ 60.-19, pages 232, 233. One of the cases annotated under the quoted comment from Moore's is Barber v. Turberville, 94 U.S. App.D.C. 335, 218 F.2d 34 (1954). In the *Barber* case the defendant delivered the summons and complaint that had been served upon her to her attorney. Through inadvertence and confusion over negotiations, the attorney failed to enter responsive pleadings and a default judgment was entered against the defendant. The court, in the *Barber* case, at page 36, said:

"That the defendant personally was not negligent in the protection of her in-

terests seems clear from the facts recited. In situations such as are here disclosed, the courts have been reluctant to attribute to the parties the errors of their legal representatives. [Citing cases]."

We believe the above to be salutary rules, and we will apply them in the instant case. In the case before us, the motion to vacate the default judgment, the proposed answer, and supporting affidavits were filed on behalf of the Montzes only seven days after the date on the letter received by their insurance company notifying them of the entry of the default judgment. This was certainly a prompt application to the district court.

The proposed answer filed on behalf of the Montzes denied that King's injuries were caused by any negligence on the part of Montz. The affidavit of Fredrick Montz states facts about the accident that indicate he may have been free of negligence. Both of these documents present a meritorious defense to the complaint.

They claimed surprise under Rule 60(b), North Dakota Rules of Civil Procedure, the surprise being that no defense had been made on their behalf by their insurance company. The Montzes had delivered the summons and complaint to their local insurance agent on the same day they received it. They were told that the matter would be taken care of. (Affidavits of Fredrick Montz and the local insurance agent.)

In line with the liberal construction to be given Rule 60(b) and with the fact that we favor matters being heard on their merits, we do not believe that the Montzes should suffer because of the neglect or errors of their insurance company. See Sioux Falls Construction Co. v. Dakota Flooring, *supra,* syllabus 1 and 2.

With regard to the neglect on the part of Montzes' insurance company, we believe such neglect to be excusable. In the case of Ellington v. Milne, 14 F.R.D. 241 (1953), the defendant in an automobile accident case sent the summons and complaint served upon him to his insurance company. The suit papers were mislaid in the company offices until after default judgment had been entered against the defendant. The court vacated the default judgment in the *Ellington* case and said, with respect to the neglect of the insurance company, at page 242 of 14 F.R.D.:

"The case under consideration differs from cases cited, in that in those cases the question presented involved the notice to and conduct of the actual defendant, while here we are concerned with the question of notice to the insurer, who must pay any judgment awarded the plaintiff. The actual defendant was guilty of no neglect, as it appears that the notice of the suit received by her was promptly forwarded to the insurer. In my view, it would be a narrow interpretation of the rule by which relief would be afforded the actual defendant who would not be required to pay a judgment while denying relief to an insurance carrier under contract to defendant and which must pay such judgment."

We believe the insurance company in the instant case should be accorded the same treatment as in the *Ellington* case, *supra.*

We find support for our treatment of this case in the decisions of courts from other juridictions. In Hobbs v. Martin Marietta Company, 257 Iowa 124, 131 N. W.2d 772 (1964), the defendant company sent the summons and complaint, that instituted an action for personal injuries that resulted from an explosion, to its insurance carrier by messenger. The suit papers were put in the mail room of the insurance carrier, but they never reached the officer who handled claims. Upon the receipt of notice of entry of a default judgment

prompt action was taken to have it set aside. The Supreme Court of Iowa held the default judgment should be set aside, and said at page 776 of 131 N.W.2d:

"Under such circumstances, is one required to obtain a receipt from one's insurance agent upon delivery to him of a notice of suit, and does a failure to check up on the agency to see that it was taking steps to protect one's interest amount to such carelessness or negligence on the part of the one sued as would permit a denial of his motion to set aside a default and judgment entered against him some seven days after the date set for his appearance in the district court? We think not."

See also, Hannan v. Bowles Watch Band Company, 180 N.W.2d 221 (Iowa 1970).

In Edgar v. Armored Carrier Corporation, 256 Iowa 700, 128 N.W.2d 922 (1964), the suit papers forwarded to the insurance company by the defendant were received in the offices of the insurance company, but they were mislaid and were never found. The Supreme Court of Iowa affirmed the granting of the motion to set aside the default judgment and said, at page 925 of 128 N.W.2d:

"The exact situation brought about by the loss or misplacement of the original notice in Hartford's office has often been before the courts in other jurisdictions. In a great majority of these cases the holding has been that under circumstances similar to those shown here the default and judgment should be set aside."

In Hinz v. Northland Milk & Ice Cream Co., 53 N.W.2d 454 (Minn.1952), the defendant was sued for negligence in the killing of a dog. The defendant forwarded the suit papers to its insurance company where they were mislaid and not delivered to the attorneys until after the defendant was already in default. After the default judgment was entered, the defendant moved to have it set aside. The Supreme Court of Minnesota reversed the lower court and ordered the default judgment opened. The Minnesota Supreme Court held, in syllabus 2 and 3 of 53 N.W.2d 454, that:

"2. Where a defendant with reasonable promptness delivers the summons and complaint to its insurer which by contract is obligated to defend the suit, the negligence of the insurer in failing to forward the papers to the attorney for answering until shortly after the time for answering has expired is not to be imputed to defendant so as to bar the opening of a default judgment where, in the exercise of sound judicial discretion, it appears that defendant after receiving notice acted with diligence, has a defense on the merits, and where, as here, no substantial prejudice will result to plaintiff.

"3. Likewise, a defendant possessed of a good defense on the merits will, as a matter of sound judicial discretion, be relieved from a default judgment entered because of the mistake or negligence of his lawyer, if he acts with diligence, and no substantial prejudice will result to the other party."

From the above-cited authorities, we are convinced that the default judgment in the instant case must be opened and that the district court abused its discretion by not so ordering. Accordingly, the order of the district court denying Montzes' motion to vacate the default judgment is reversed, the default judgment is ordered vacated, and the case is remanded to the district court for trial, with instructions that it award costs to the plaintiff in conjunction with the vacation of the judgment and the reopening of the case.

ERICKSTAD, C. J., and PAULSON, VOGEL and TEIGEN, JJ., concur.