2010 ND 124

**AMERICAN BANK CENTER,**
Plaintiff and Appellee

v.

Sandy SCHUH; Teri Schuh; Cassandra Lee Schuh; Citifinancial, Inc.; James Vault and Precast Co.; Cach, LLC; and any person in possession, Defendants.

**Citifinancial, Inc., Appellant.**

**No. 20090367.**

Supreme Court of North Dakota.

June 30, 2010.

Nathan Morris Bouray (argued) and Jennifer Grosz (appeared), Dickinson, N.D., for plaintiff and appellee.

Robert L. Stroup II, Fargo, N.D. for appellant.

CROTHERS, Justice.

[¶ 1] Citifinancial, Inc., appeals from an order denying its motion to vacate a default judgment in American Bank Center's ("American") action to foreclose mortgages covering real estate located in Stark County. We conclude the district court did not abuse its discretion in denying the motion

because Citifinancial failed to establish mistake, inadvertence, surprise, or excusable neglect to support its N.D.R.Civ.P. 60(b) motion for relief from the default judgment. We affirm.

## I

[¶ 2] Between 2003 and 2007, American loaned Sandy and Teri Schuh money on several occasions, and those loans were secured by mortgages the Schuhs gave American covering various parcels of Stark County land. During the same time period, the Schuhs received loans from Citifinancial which were secured by mortgages covering parcels of their property. In addition, the Schuhs conveyed a parcel of property to their daughter, who obtained a loan from Citifinancial secured by a mortgage on this parcel. The Schuhs became delinquent in their mortgage payments, and in April 2009, American brought a mortgage foreclosure action against them. American served the summons and complaint in the foreclosure action on Citifinancial through its registered agent in North Dakota. After the defendants failed to answer the foreclosure complaint, American moved for a default judgment. Citifinancial was served with the motion through its registered agent as well as through its local Dickinson office. Citifinancial did not respond, and on June 9, 2009, the district court granted American a default judgment and scheduled a sheriff's sale of the mortgaged property for August 19, 2009.

[¶ 3] Two months later, on August 10, 2009, Citifinancial moved to vacate the default judgment under N.D.R.Civ.P. 60(b). Citifinancial's attorney, Robert L. Stroup II, filed an affidavit in support of the motion, stating:

"On November 4, 2008, I was contacted to deal with a claim that Citifinancial was in subordinate lien position on land owned by Sandy Schuh and Teri Schuh (and also on a mortgage on property owned by their daughter Cassandra) as claimed by American Bank Center, Dickinson, North Dakota. On November 11, 2008, I called American Bank Center and spoke to Scott Tschetter, the loan officer handling the Schuh files and requested to borrow the abstract to the property.

"I received the abstract from the Bank and examined it on November 17, 2008 after which it was returned to the Bank. During that time I also had emails and phone conversations with Tyla Wilson at Citifinancial and Scott Tschetter. I had talked to both of them about looking at their files relating [to] this matter.

"In anticipation of the Bank's position regarding privacy, I obtained consent from all of the Schuhs authorizing me to see the Bank files regarding their transactions. I also talked to the Bank's general counsel, Gerald Galloway, when he was in Fargo about looking at the Bank's files.

"On December 8, 2008, I traveled to Dickinson and reviewed the Citifinancial files and talked to Tyla Wilson about the matter. I indicated surprise that neither the Bank nor Citifinancial had commenced a foreclosure action, considering the length of time the Schuhs had been in default. I met with Tyla and again looked at the files on December 9, 2009[sic] and told her to contact me as soon as she [was] served in any foreclosure action by the Bank.

"I also went to the Bank on December 9, 2008 to look at the Bank's files. I was told Scott Tschetter was out and wouldn't be back until later that afternoon. I then met with Gerald Galloway and was told the Bank's attorney had advised against letting me see the files

until the foreclosure was started and that the files had been delivered to [the] Bank's attorney at the Mackoff, Kellogg firm.

"I did no[t] learn of the foreclosure action which had been commenced on April 7, 2009, until I received notice from another attorney who had been contacted by Citifinancial that judgment had been entered and that there was a sheriff's sale scheduled for August 19, 2009."

[¶ 4] Citifinancial also claimed in its brief to the district court that "Citifinancial is a large national corporation with a large corporate law department. The fact that Citifinancial was already being represented was not discovered and the matter was referred to another attorney in North Dakota. That attorney was not familiar with the potential issues in this case and assumed it to be a normal foreclosure in which Citifinancial had a subordinate claim." Citifinancial argued that Stroup should have been served with the documents in the foreclosure action and the motion for default judgment because American knew he was representing Citifinancial. Citifinancial also argued it had a meritorious defense because it was in first lien position on the land described in the mortgages.

[¶ 5] In response to the motion to vacate the default judgment, American's attorney submitted an affidavit, stating:

"2. That at no point in my representation of the Plaintiff in this matter has Attorney Robert L. Stroup II contacted me to discuss this matter, indicated in any manner that he would be representing the Defendant Citifinancial in this matter, or done anything else that would lead me to believe that he was actively defending Citifinancial's interests in this action.

"3. That in commencing this action, I obtained service of process upon CT Corporation, as registered agent of Citifinancial. That in accordance with the multiple Affidavits of Service filed with the Court, I served each successive pleading and document requiring service in this action upon both CT Corporation, as registered agent for Citifinancial, and upon Tyla Wilson, the manager of the local branch office of Citifinancial.

"4. That at no point after service of the Summons and Complaint did Citifinancial, or any of its agent's [sic] or employees contact me to contest the allegations of the Complaint in this action.

"5. Citifinancial has not served on me or American Bank Center an Answer to the Complaint in this action."

[¶ 6] American also submitted Scott Tschetter's affidavit, stating:

"1. On November 11, 2008, in handling this matter for the Plaintiff, I was contacted by Attorney Robert L. Stroup II, and told that he had been retained by Stewart Title Company to review the title to the property at issue in this case.

"2. I assumed Mr. Stroup's work to have been related to an earlier title policy that is believed to have been issued by Steward Title Company to Citifinancial for the property concerned herein, and with which I understood Mr. Stroup to have had some involvement.

"3. I received no indication that Mr. Stroup had been retained by the Defendant with regard to foreclosure of Defendant's lien, or that he had been retained in any capacity other than to review the title to the property.

"4. During early January 2009 Steve Madden of Citifinancial and I had been negotiating regarding the two lenders' relative lien priority on this property.

"5. On January 13, 2009, as negotiations were breaking down, Mr. Madden

told me that Citifinancial was in the process of obtaining legal counsel regarding this matter.

"6. Mr. Madden did not mention Mr. Stroup's name, whether he was currently representing Citifinancial, or would be representing Citifinancial on this matter in the future.

"7. Mr. Stroup's [sic] never indicated that he would be representing Citifinancial in a foreclosure action, and in addition, Defendant's employee, Steve Madden led me to believe that counsel other than Mr. Stroup would be involved on Citifinancial's behalf if a foreclosure were to take place."

American denied knowledge that Stroup was Citifinancial's attorney and argued, "It appears that Defendant either ignored the pleadings, or obtained counsel other than Mr. Stroup, and such other counsel advised against contesting the matter, to which Defendant agreed." American also claimed it had lien priority.

[¶ 7] No one testified at the hearing on the N.D.R.Civ.P. 60(b) motion. The district court denied the motion, stating its reasons on the record:

"THE COURT: Okay. Well, you know, overall this isn't a case where somebody misplaced it or somebody didn't understand what that Summons and Complaint was. You know and you balance that against the fact that you've got this policy of wanting to hear it on [the] merits.... But at this point I am going to deny the motion. And the reasons are, there was proper service on this. There was no indication in the bank's record that you were in fact representing Citifinancial, Mr. Stroup. The registered agent had this, you know, properly served and as to what happened to it, I don't know. But I've got no indication that they didn't get it. Citifinancial knew about it, they had another lawyer in North Dakota review it and somewhere, somebody, somebody made a decision not to respond to it. And at this point I'm not willing to reopen it, I mean, to[o] many things have passed under the bridge. You've got a sale and you had a Notice of Sale et cetera. So at some point we've got to bring conclusion to the file, so that's my decision."

## II

[¶ 8] Citifinancial argues the district court erred in refusing to vacate the default judgment.

[¶ 9] "On appeal, to establish a basis for relief under N.D.R.Civ.P. 60(b) from a district court's denial of a motion for relief from a default judgment, a party must show the district court abused its discretion." *Shull v. Walcker*, 2009 ND 142, ¶ 13, 770 N.W.2d 274. A district court "abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, or when it misinterprets or misapplies the law." *Id.* In *Shull*, we explained:

"This Court has previously stated there should generally be greater liberty in granting motions under N.D.R.Civ.P. 60(b) when the matter involves a default judgment rather than a judgment following a full trial on the merits. However, a Rule 60(b) motion is not a substitute for appeal and should not be used to relieve a party from free, calculated and deliberate choices he or she has made. The moving party bears the burden of establishing sufficient grounds for disturbing the finality of the judgment, and relief should be granted only in exceptional circumstances. '[A] decision to submit only certain evidence at a stage in the proceedings generally cannot later constitute exceptional circumstances justifying relief from a judgment.' 'A defendant's own errors will not always constitute proper grounds for

relief from a default judgment.' Rather, the applicable standard under N.D.R.Civ.P. 60(b)(i) to relieve a party from a judgment is whether there was 'mistake, inadvertence, surprise, or excusable neglect.' "

*Id.* at ¶ 14 (internal quotations and citations omitted).

[¶ 10] Citifinancial has not established the district court abused its discretion. A party seeking relief under N.D.R.Civ.P. 60(b)(i) " 'must make some showing of why he was justified in failing to avoid mistake or inadvertence.' " *United States v. O'Neil,* 709 F.2d 361, 373 (5th Cir.1983) (quoting 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2858, at 276 (2nd ed.1995) (footnotes omitted)). Citifinancial was properly served with all relevant documents. Although Citifinancial suggested in its brief to the district court that the previous attorney mistakenly believed Citifinancial had no meritorious defense to the foreclosure action, "[s]uch '[m]ere misjudgment or careless failure to evaluate do[es] not suffice.' " *Follman v. Upper Valley Special Educ. Unit,* 2000 ND 72, ¶ 11, 609 N.W.2d 90 (quoting *O'Neil,* 709 F.2d at 373). Citifinancial's reliance on subdivisions (iii) and (vi) of N.D.R.Civ.P. 60(b) is equally unavailing because no evidence of fraud exists and because no other reason justifying relief from the operation of the judgment has been offered. Rather, the evidence suggests Citifinancial is attempting to obtain relief from a free, calculated and deliberate choice it made to not contest the foreclosure action.

[¶ 11] We conclude the district court did not abuse its discretion in denying Citifinancial's motion to vacate the default judgment.

## III

[¶ 12] In view of our disposition of this case, it is unnecessary to address other issues raised. The order is affirmed.

[¶ 13] GERALD W. VANDE WALLE, C.J., and CAROL RONNING KAPSNER, J., concur.

DALE V. SANDSTROM, J., concurs in the result.

[¶ 14] The Honorable MARY MUEHLEN MARING disqualified herself subsequent to oral argument and did not participate in this decision.