2012 ND 98

**Mark Christian PALMER, Petitioner and Appellant,**

v.

**STATE of North Dakota, Respondent and Appellee.**

Nos. 20110344, 20110346–20110348.

Supreme Court of North Dakota.

May 17, 2012.

Russell John Myhre, Valley City, N.D., for petitioner and appellant.

Marie Ann Roller, State's Attorney, Towner, N.D., for respondent and appellee.

CROTHERS, Justice.

[¶ 1] Mark Palmer appeals from a district court order denying his motion for relief from an order denying his application for post-conviction relief. We remand to the district court for an explanation of its decision.

I

[¶ 2] In 2001, Palmer was convicted of four counts of gross sexual imposition. Palmer appealed, and this Court affirmed his convictions. *State v. Palmer*, 2002 ND 5, 638 N.W.2d 18. In February 2011, Palmer applied for post-conviction relief, and an attorney was appointed to represent him. On March 1, 2011, the State responded to Palmer's application and moved for summary dismissal. Palmer did not respond to the State's motion. On May 18, 2011, the district court denied Palmer's application.

[¶ 3] On May 23, 2011, Palmer's attorney moved on his behalf for relief from the order denying his post-conviction application under N.D.R.Civ.P. 60(b)(1), arguing Palmer was entitled to relief from the order because of mistake or inadvertence.

In the motion, Palmer's attorney alleged she was under extreme duress in her personal life, she believed she had requested more time to respond to the State's motion, and she mistakenly failed to request additional time. On June 9, 2011, the State responded to the motion for relief. On October 5, 2011, the district court denied the motion.

## II

■ [¶ 4] Palmer argues the district court abused its discretion in denying his N.D.R.Civ.P. 60(b) motion for relief from the order denying his application for post-conviction relief.

■ [¶ 5] Rule 60(b)(1), N.D.R.Civ. P., permits a court to grant a party relief from a judgment or order if it was the product of "mistake, inadvertence, surprise, or excusable neglect." We will not reverse a court's decision on a motion for relief unless the court abused its discretion in deciding whether the party established sufficient grounds for disturbing the judgment or order. *See American Bank Ctr. v. Schuh,* 2010 ND 124, ¶ 9, 784 N.W.2d 468. A court " 'abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, or when it misinterprets or misapplies the law.' " *Id.* (quoting *Shull v. Walcker,* 2009 ND 142, ¶ 13, 770 N.W.2d 274).

[¶ 6] Here, however, the district court did not explain its rationale for denying Palmer's motion for relief. The order denying Palmer's motion states, "The motion for relief, pursuant to Rule 60(b)(1) of the North Dakota Rules of Criminal [sic] Procedure and dated May 23, 2011, is in all things SUMMARILY DENIED." The court provided no explanation for denying Palmer's motion.

■ [¶ 7] In similar cases, this Court has remanded for an explanation of the district court's decision, holding the decision could not be properly reviewed without an explanation of the court's rationale for its decision. *See State v. Gress,* 2011 ND 193, ¶ 4, 803 N.W.2d 607 (remanded for explanation of decision denying motion to withdraw guilty plea); *State, County of Cass, ex rel. Schlect v. Wolff,* 2010 ND 101, ¶ 13, 783 N.W.2d 642 (remanded for an explanation of decision on a N.D.R.Civ.P. 60(b) motion). " 'Without a clear understanding of the district court's resolution of the subordinate facts, we are unable to properly perform our review function and address the issues raised on appeal.' " *Schlect,* at ¶ 13 (quoting *Rothberg v. Rothberg,* 2006 ND 65, ¶ 16, 711 N.W.2d 219). "[W]e will not engage in unassisted searches through parties' briefs for a rationale supporting a court's decision." *Schlect,* at ¶ 13.

[¶ 8] In this case, the court failed to provide an explanation of its decision to deny Palmer's motion; therefore, we are unable to properly review the decision and determine whether the court abused its discretion. On remand, the district court must sufficiently explain its decision.

## III

[¶ 9] We remand to the district court for further proceedings.

[¶ 10] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING and CAROL RONNING KAPSNER, JJ., concur.

SANDSTROM, Justice, dissenting.

[¶ 11] Because Palmer has made no showing of a meritorious argument on post-conviction relief, I would affirm.

[¶ 12] Palmer moved for post-conviction relief. The State subsequently moved for summary dismissal, putting Palmer to his proof. *See Ude v. State,* 2009 ND 71, ¶ 8, 764 N.W.2d 419. Palmer filed nothing in response. Nevertheless, the district

court issued an extensive opinion covering each of Palmer's claims and then denying his application for post-conviction relief.

[¶ 13] Palmer's attorney moved for relief under N.D.R.Civ.P. 60(b), explaining she was under significant emotional distress at the time and consequently did not respond to the State's motion for summary dismissal. Palmer's attorney, however, failed to submit any evidence that would have precluded summary disposition of the motion for post-conviction relief. *See, e.g., Estate of Wieland,* 1998 ND 130, ¶ 15, 581 N.W.2d 140:

> Our standard of review of a decision on a N.D.R.Civ.P. 60(b) motion to vacate was recently explained:
>
>> It is within the trial court's discretion whether to grant or deny a motion to vacate. Absent an abuse of this discretion, we will not set aside the trial court's decision on appeal. A trial court abuses its discretion if it acts in an arbitrary, capricious, or unreasonable manner, or if it misinterprets or misapplies the law.
>
> *Filler v. Bragg,* 1997 ND 24, ¶ 9, 559 N.W.2d 225 (citations omitted). "If the judgment sought to be set aside is entered pursuant to a stipulation of the parties, the party challenging the judgment under Rule 60(b), N.D.R.Civ.P., *has the additional burden of showing that under the law of contracts there is justification for setting the contract aside.*" *Peterson v. Peterson,* 555 N.W.2d 359, 361 (N.D.1996) (citing *Soli v. Soli,* 534 N.W.2d 21, 23 (N.D.1995)). We are not convinced the trial court abused its discretion in denying Thomas' motion to vacate the order distributing the estate. Therefore, we affirm.

(Emphasis added.)

[¶ 14] In *King v. Montz,* 219 N.W.2d 836, 838 Syllabus ¶ 6 (N.D.1974), this Court concluded that "the negligence of the insurer in failing to defend is not to be imputed to the defendant so as to bar the opening of a default judgment where, in the exercise of a sound judicial discretion, it appears that defendant after receiving notice acted with diligence, *has a defense on the merits,* and where, as here, no substantial prejudice will result to the plaintiff." (Emphasis added.)

[¶ 15] In other words, one of the factors a defendant must show is that he or she has a meritorious argument, and not simply that there was a "mistake, inadvertence, surprise, or excusable neglect" under N.D.R.Civ.P. 60(b)(1).

[¶ 16] Similarly, this Court has consistently held that in seeking to vacate a default judgment for failure to answer, a defendant must show good cause and tender the missing answer. *See, e.g., U.S. Bank Nat'l Ass'n v. Arnold,* 2001 ND 130, ¶ 24, 631 N.W.2d 150:

> In deciding Arnold was not entitled to relief from judgment under N.D.R.Civ.P. 60(b), the district court applied this Court's three-part test for vacating judgment. *See Bender v. Liebelt,* 303 N.W.2d 316, 318 (N.D.1981) (*judgments may be reopened when a motion is promptly made, when the grounds stated satisfy the requirements of Rule 60, and when an answer appearing to state a meritorious defense is presented*).

(Emphasis added.) *See also Hinz v. Northland Milk & Ice Cream Co.,* 237 Minn. 28, 53 N.W.2d 454 (1952); *Gepner v. Fujicolor Processing, Inc.,* 2001 ND 207, ¶ 16, 637 N.W.2d 681; *King v. Montz,* 219 N.W.2d 836, 840 (N.D.1974).

[¶ 17] Here the affidavit of good cause for failure to respond needed to be accompanied by competent admissible evidence showing a genuine issue of material fact preventing summary disposition of Palmer's petition for post-conviction relief.

[¶ 18] When the State moves to summarily dismiss a petitioner's application for

post-conviction relief, the petitioner must provide evidence to support the petition in order for the burden to transfer back to the State. *See Ude,* 2009 ND 71, ¶ 8, 764 N.W.2d 419 ("A petitioner is not required to provide evidentiary support for his petition until he has been given notice he is being put on his proof. At that point, the petitioner may not merely rely on the pleadings or on unsupported, conclusory allegations, but must present competent admissible evidence by affidavit or other comparable means which raises an issue of material fact.") (citations omitted). In this case, Palmer did not respond to the State's motion for summary dismissal. As a result, under my reading of the cases, the burden did not shift back to the State, and the court could have properly denied Palmer's application without a hearing. *See id.* ("If the petitioner presents competent evidence, he is then entitled to an evidentiary hearing to fully present that evidence.").

[¶ 19] Here Palmer did not meet the minimum requirements for a motion for N.D.R.Civ.P. 60(b) relief, because he failed to submit with his motion competent, admissible evidence creating a dispute as to a material fact on the merits of his application for post-conviction relief. Neither the district court nor this Court need look any further than Palmer's filing for relief to see that it was legally deficient on its face. The district court's summary denial was appropriate. And our summary affirmance of the district court would likewise be appropriate.

[¶ 20] Dale V. Sandstrom