Filed 11/27/12 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2012 ND 237

Mark Christian Palmer, Petitioner and Appellant

v.

State of North Dakota, Respondent and Appellee

Nos. 20110344, 20110346 - 20110348

Appeal from the District Court of McHenry County, Northeast Judicial District, the Honorable John C. McClintock, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

Russell John Myhre, P.O. Box 475, Valley City, N.D. 58072, for petitioner and appellant.

Marie Ann Roller, State’s Attorney, 407 South Main Street, Room 307, Towner, N.D. 58788, for respondent and appellee.

Palmer v. State

Nos. 20110344, 20110346 - 20110348

Crothers, Justice.

[¶1] Mark Palmer appeals from a district court order denying his N.D.R.Civ.P. 60(b) motion for relief from an order denying his application for post-conviction relief.  We affirm, concluding the district court did not abuse its discretion by denying Palmer’s motion.

I

[¶2] In 2001, Palmer was convicted of four counts of gross sexual imposition.  Palmer appealed, and this Court affirmed his convictions.  
State v. Palmer
, 2002 ND 5, 638 N.W.2d 18.  In February 2011, Palmer applied for post-conviction relief, and an attorney was appointed to represent him.  On March 1, 2011, the State responded to Palmer’s application and moved for summary dismissal.  Palmer did not respond to the State’s motion.  On May 18, 2011, the district court denied Palmer’s application.

[¶3] On May 23, 2011, Palmer moved under N.D.R.Civ.P. 60(b)(1) for relief from the order denying his post-conviction application, arguing he was entitled to relief from the order because of his attorney’s mistake or inadvertence.  In the motion, Palmer’s attorney alleged she was under extreme duress in her personal life, her husband was ill and later passed away, she believed she had requested more time to respond to the State’s motion and she mistakenly failed to request additional time.  On June 9, 2011, the State responded to the motion for relief.  On October 5, 2011, the district court denied the motion.  The court’s order stated, “The motion for relief, pursuant to Rule 60(b)(1) of the North Dakota Rules of Criminal [sic] Procedure and dated May 23, 2011, is in all things SUMMARILY DENIED.”

[¶4] On  December 1, 2011, Palmer appealed the district court’s one-sentence denial of his motion for relief from the order denying his post-conviction application.  On May 17, 2012, we remanded for the district court to sufficiently explain the rationale for its decision.  
Palmer v. State
, 2012 ND 98, 816 N.W.2d 807.  On October 5, 2012 the district court provided a three-page memorandum opinion explaining the basis for denying Palmer’s motion for relief from the order.

II

[¶5] Palmer argues the district court abused its discretion in denying his N.D.R.Civ.P. 60(b) motion for relief from the order denying his application for post-

conviction relief because of mistake, inadvertence or excusable neglect.

[¶6] Rule 60(b)(1), N.D.R.Civ.P., permits a court to grant a party relief from a judgment or order if it was the product of “mistake, inadvertence, surprise, or excusable neglect.”  We will not reverse a court’s decision on a motion for relief unless the court abused its discretion in deciding whether the party established sufficient grounds for disturbing the judgment or order.  
See
 
American Bank Ctr. v. Schuh
, 2010 ND 124, ¶ 9, 784 N.W.2d 468.  A court “abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, or when it misinterprets or misapplies the law.”  
Id.
 (quoting 
Shull v. Walcker
, 2009 ND 142, ¶ 13, 770 N.W.2d 274).

[¶7] Palmer argued to the district court that his counsel’s failure to request additional time to respond to the State’s motion for summary dismissal was mistake or inadvertence.  When a party moves for relief under N.D.R.Civ.P. 60(b), “[t]he moving party bears the burden of establishing sufficient grounds for disturbing the finality of the judgment, and relief should be granted only in exceptional circumstances.”  
American Bank Ctr.
, 2010 ND 124, ¶ 9, 784 N.W.2d 468 (quoting 
Shull
, 2009 ND 142, ¶ 14, 770 N.W.2d 274).  The moving party must show “why he was justified in failing to avoid [the] mistake or inadvertence.”  
American Bank Ctr.
, at ¶ 10 (quotation omitted).  A party has a duty to protect his own interests, and a party’s mere misjudgment or careless failure to evaluate is not sufficient to establish grounds for relief.  
Follman v. Upper Valley Special Educ. Unit
, 2000 ND 72, ¶ 11, 609 N.W.2d 90.

[¶8] On remand, the district court found Palmer’s counsel’s husband was ill before she began representing Palmer and she did not indicate that she was absent from work for any length of time after she began representing Palmer.  The court found that Palmer’s counsel received this case about ten years after the criminal trial and that she was attempting to become familiar with it.  The court noted counsel continued to provide legal services on this and other cases during the period in question.  On that basis, the court found “it does not appear that [counsel] just forgot about this case or otherwise did not attend to it.”  The court ruled counsel’s failure to respond to the State’s motion for dismissal did not warrant relief under N.D.R.Civ.P. 60(b)(1).

[¶9] The district court did not abuse its discretion by denying Palmer’s N.D.R.Civ.P. 60(b) motion, and we affirm.

[¶10] Daniel J. Crothers

Mary Muehlen Maring

Carol Ronning Kapsner

VandeWalle, Chief Justice, concurring in the result.

[¶11] I concur in the result reached by the majority opinion.  I did not join Justice Sandstrom’s dissenting opinion in 
Palmer v. State
, 2012 ND 98, 816 N.W.2d 807, concluding “Palmer’s filing for relief . . . was legally deficient on its face.”  
Id.
 at ¶ 19.  However, in this instance, had there been a substantive argument submitted on the merits of the petition for post-conviction relief, I would reverse.  Rather than the trial court’s seemingly narrow view of what constitutes inadvertence or excusable neglect, under the circumstances outlined by the attorney for the Petitioner, I would conclude there was excusable neglect.  While I believe that lawyers must set aside or overcome their personal travails in the interest of their clients, I cannot agree that the failure to do so is necessarily inexcusable from the standpoint of the court.  Indeed, the refusal to recognize that certain events personal to the lawyer may excuse the lawyer’s failure to respond to the motion only intensifies the impact on the client.

[¶12] Gerald W. VandeWalle, C.J.

Sandstrom, Justice, concurring specially.

[¶13] For reasons set forth in my dissent in 
Palmer v. State
, 2012 ND 98, 816 N.W.2d 807, I concur specially here.  Because Palmer has made no showing of a meritorious argument on post-conviction relief, I would affirm.

[¶14] For relief under N.D.R.Civ.P. 60(b), Palmer needed to show not only mistake, inadvertence, or excusable neglect, but also evidence that would have precluded summary disposition of the motion for post-conviction relief.  
Palmer
, 2012 ND 98, ¶¶ 11-19, 816 N.W.2d 807 (Sandstrom, J., dissenting).  Palmer has never made a showing of a meritorious argument precluding summary disposition of his motion for post-conviction relief.  Because the defect was apparent on the face of Palmer’s filing for relief under N.D.R.Civ.P. 60(b), I would have summarily affirmed the district court in Palmer’s most recent prior appeal.

[¶15] On remand, the district court has complied with the directives of the majority, and, again, I would affirm.

[¶16] Dale V. Sandstrom