2014 ND 84

**John Patrick MURPHY, Petitioner and Appellant**

v.

**STATE of North Dakota, Respondent and Appellee.**

**No. 20130419.**

Supreme Court of North Dakota.

April 29, 2014.

Rehearing Denied June 24, 2014.

John Patrick Murphy, self-represented, Bayport, MN, petitioner and appellant; submitted on brief.

Leah Jo Viste, Assistant State's Attorney, Fargo, ND, for respondent and appellee; submitted on brief.

CROTHERS, Justice.

[¶ 1] John Patrick Murphy appeals a judgment summarily dismissing his application for postconviction relief. Murphy argues that he merits postconviction relief because he received ineffective assistance of counsel and that the factual basis upon which he pled guilty was insufficient as a matter of law to support the conviction of fleeing or attempting to elude a police officer. We affirm.

I

[¶ 2] On October 12, 2005, Murphy pled guilty to fleeing or attempting to elude a

police officer, a class A misdemeanor under section 39–10–71, N.D.C.C. Murphy was sentenced to one year in the county jail with all but two days suspended. Murphy did not appeal. Murphy moved to withdraw his guilty plea on September 25, 2006, asserting an *Alford* plea should have been entered. *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). An *Alford* plea allows an individual to enter a voluntary guilty plea without admitting guilt. *Id.* at 37, 91 S.Ct. 160. Murphy contended that because he was not allowed to enter an *Alford* plea, his probation in Minnesota was revoked and he was sentenced to nearly twenty-eight years in prison. The district court denied Murphy's motion to withdraw his guilty plea on October 6, 2006. Murphy again moved to withdraw his guilty plea on October 17, 2006, which the district court denied on April 25, 2007. Murphy did not appeal the denials of his motions to withdraw his guilty plea. Murphy applied for and was denied postconviction relief, which this Court summarily affirmed on June 26, 2008. *Murphy v. State,* 2008 ND 124, 756 N.W.2d 344.

[¶ 3] Murphy again petitioned for postconviction relief on September 19, 2013, alleging ineffective assistance of counsel. On November 1, 2013, the district court summarily dismissed Murphy's petition for postconviction relief because, effective August 1, 2013, an individual has two years after a conviction becomes final to request postconviction relief. N.D.C.C. § 29–32.1–01(2) (effective August 1, 2013). The district court determined Murphy did not meet any of the exceptions to the two-year requirement listed in section 29–32.1–01(3), N.D.C.C. Judgment was entered on November 14, 2013. Murphy appeals.

## II

[¶ 4] The standard of review for a summary denial of postconviction relief is well-established:

"This Court reviews an appeal from a summary denial of post-conviction relief as it reviews an appeal from a summary judgment. The party opposing the motion for summary disposition is entitled to all reasonable inferences at the preliminary stages of a post-conviction proceeding and is entitled to an evidentiary hearing if a reasonable inference raises a genuine issue of material fact.' 'Although we have stated claims of ineffective assistance of counsel are ordinarily unsuited to summary disposition without an evidentiary hearing, we have upheld summary denials of post-conviction relief when the applicants were put to their proof, and summary disposition occurred after the applicants then failed to provide some evidentiary support for their allegations.' Section 29–32.1–09(3), N.D.C.C., provides: 'The court may grant a motion by either party for summary disposition if the application, pleadings, any previous proceeding, discovery, or other matters of record show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law.'"

*Parizek v. State,* 2006 ND 61, ¶ 4, 711 N.W.2d 178 (internal citations omitted).

## III

[¶ 5] The State argues Murphy's application for postconviction relief was untimely. Section 29–32.1–01(2) (effective August 1, 2013), N.D.C.C., requires applications for postconviction relief to be filed within two years of the date the conviction becomes final. The conviction becomes final when:

"a.  The time for appeal of the conviction to the North Dakota supreme court expires;

b. If an appeal was taken to the North Dakota supreme court, the time for petitioning the United States supreme court for review expires; or

c. If review was sought in the United States supreme court, the date the supreme court issues a final order in the case."

N.D.C.C. § 29–32.1–01(2). Notwithstanding an untimely application for postconviction relief, courts may consider an application if:

"(1) The petition alleges the existence of newly discovered evidence, including DNA evidence, which if proved and reviewed in light of the evidence as a whole, would establish that the petitioner did not engage in the criminal conduct for which the petitioner was convicted;

(2) The petitioner establishes that the petitioner suffered from a physical disability or mental disease that precluded timely assertion of the application for relief; or

(3) The petitioner asserts a new interpretation of federal or state constitutional or statutory law by either the United States supreme court or a North Dakota appellate court and the petitioner establishes that the interpretation is retroactively applicable to the petitioner's case."

N.D.C.C. § 29–32.1–01(3)(a).

[¶ 6] On October 12, 2005, Murphy pled guilty to fleeing or attempting to elude a police officer and was convicted of a class A misdemeanor under section 39–10–71, N.D.C.C. Murphy had thirty days to appeal after judgment was entered, after which his conviction became final for the purposes of the postconviction relief chapter. N.D.R.App.P. 4(b)(1)(A); N.D.C.C. § 29–32.1–01(2)(a). Murphy's conviction became final on November 11, 2005. Effective August 1, 2013, a person filing for postconviction relief must do so within two years after the conviction became final. N.D.C.C. § 29–32.1–01(2). Murphy filed his application for postconviction relief on September 19, 2013, after the statute's effective date. Therefore, Murphy's application was untimely because Murphy filed his application more than two years after his conviction became final. Murphy's application for postconviction relief does not suggest that new evidence was discovered establishing Murphy did not engage in the criminal conduct for which he was convicted, that Murphy suffered from a physical disability or mental disease precluding him from timely asserting his application for relief or that a new interpretation of federal or state law applies retroactively to his case. The district court correctly summarily dismissed Murphy's application for postconviction relief for untimeliness and failure to meet any exception to the filing deadline.

[¶ 7] We decline to address Murphy's arguments that he received ineffective assistance of counsel and that the factual basis upon which he pled guilty was insufficient as a matter of law to support his conviction because Murphy's application for postconviction relief was untimely.

IV

[¶ 8] No genuine issue of material fact existed, and the State was entitled to judgment as a matter of law. We affirm the district court's judgment summarily dismissing Murphy's application for postconviction relief.

[¶ 9] GERALD W. VANDE WALLE, C.J., LISA FAIR McEVERS, CAROL RONNING KAPSNER, and DALE V. SANDSTROM, JJ., concur.