2015 ND 120

**Riak RIAK, Petitioner and Appellant,**

v.

**STATE of North Dakota, Respondent and Appellee.**

No. 20140128.

Supreme Court of North Dakota.

May 27, 2015.

Benjamin C. Pulkrabek, Mandan, N.D., for petitioner and appellant.

Ryan J. Younggren, Assistant State's Attorney, Fargo, N.D., for respondent and appellee.

VANDE WALLE, Chief Justice.

[¶ 1] Riak Riak appealed from an order denying his motion to reopen his application for post-conviction relief, which the district court had dismissed on its own motion in an earlier order. Under the narrow circumstances of this case, we conclude the district court abused its discretion in denying the motion because Riak filed his application under prior law and had not yet been put to his proof when the court dismissed his application. We reverse and remand for further proceedings.

I

[¶ 2] In 2009, Riak pleaded guilty to a charge of gross sexual imposition, a class A felony, and was sentenced to twenty years in prison with three years suspended for ten years while on supervised probation. In 2010, Riak applied for post-conviction relief claiming ineffective assistance of counsel on the part of his trial attorney, but he subsequently withdrew that application by stipulation.

[¶ 3] In February 2013, Riak filed another application for post-conviction relief, asserting he received ineffective assistance of his trial counsel and that his sentence was too long. In March 2013, the State filed a request for additional time to respond, and the court granted the State's request. In May 2013, the parties jointly filed a stipulation requesting an additional 60 days for the State to file an answer or response motion, which the court again granted. The State did not file a response within the following 60 days.

[¶ 4] On November 8, 2013, the district court's "Electronic Court Recorder" mailed a "Notification of Dismissal and Order of Dismissal" to the parties. This notice stated, "The Court has been advised that the above-entitled case has been settled or tried. To date closing documents have not been filed." The notice further stated the case would be dismissed without prejudice after 14 days unless the court received "the required documents." Neither the State nor Riak's attorney filed any response to the notification. On November 22, 2013, the district court entered an order dismissing Riak's February 2013 application without prejudice. No notice of entry of the order was filed after the court entered its dismissal order.

[¶ 5] In a letter dated February 4, 2014, and filed on February 12, 2014, Riak on his own behalf informed the district court that he was filing a disciplinary complaint against his appointed counsel and requested the court to appoint different counsel for him. In a letter to the court dated February 18, 2014, and filed February 24, 2014, he was aware his application had been dismissed in November 2013 and was "very confused" by the dismissal. He requested his post-conviction relief application be reopened, a hearing be scheduled, and new counsel be appointed for him.

[¶ 6] In a February 25, 2014, letter, the district court judge informed Riak that the court was unable to act on the request in his February 4 letter, that his application had been dismissed—enclosing a copy of the November 2013 order, and that Riak would need to make and serve "an appropriate motion." On March 7, 2014, Riak moved to reopen his dismissed post-conviction relief application, asserting complaints against his appointed post-conviction counsel. The district court denied Riak's motion, and Riak appealed from the order denying his motion.

## II

[¶ 7] Riak argues his motion to reopen the dismissed post-conviction relief application and his appeal from the order denying his motion to reopen were timely.

[¶ 8] This Court has treated motions for reconsideration as either motions to alter or amend a judgment under N.D.R.Civ.P. 59(j), or as motions for relief from a judgment or order under N.D.R.Civ.P. 60(b). *See Waslaski v. State*, 2013 ND 70, ¶ 7, 830 N.W.2d 228; *Bay v. State*, 2003 ND 183, ¶ 4, 672 N.W.2d 270; *see also Palmer v. State*, 2012 ND 237, ¶¶ 5–9, 824 N.W.2d 406. Here, Riak moved the district court to reopen his application on March 7, 2014, after the court dismissed the application "without prejudice" on November 22, 2013. Riak contends that his motion was appropriate to provide relief from the November 2013 dismissal order under N.D.R.Civ.P. 60(b)(1) ("mistake, inadvertence, surprise, or excusable neglect") and N.D.R.Civ.P. 60(b)(6) ("any other reason that justifies relief").

[¶ 9] Rule 60(b), N.D.R.Civ.P., permits the district court to provide relief to a party from a final judgment, order, or proceeding. Generally, an order dismissing an action "without prejudice" is not considered appealable as a "final" order under N.D.C.C. § 28-27-02. *See Runck·v. Brakke*, 421 N.W.2d 487, 488 (N.D.1988). This Court has explained, however, that a dismissal without prejudice may be considered final, and therefore appealable, when a plaintiff cannot cure the defect leading to dismissal, or when the dismissal has "the practical effect of terminating the litigation in the plaintiff's chosen forum." *Rodenburg v. Fargo–Moorhead Y.M.C.A.*, 2001 ND 139, ¶ 12, 632 N.W.2d 407 (citations omitted); *see also Jaskoviak v. Gruver*, 2002 ND 1, ¶ 8, 638 N.W.2d 1 (dismissal without prejudice was final and appealable when plaintiff would be barred by two-year statute of limitations from bringing another medical malpractice action).

[¶ 10] In this case, although the district court's November 2013 order of dismissal was without prejudice, any new application for post-conviction relief filed by Riak would be subject to dismissal under the recently enacted two-year statute of limitations governing such applications. *See* N.D.C.C. § 29-32.1-01(2) (effective August 1, 2013) (providing two-year limitation from date conviction becomes final, subject to certain exceptions); *Murphy v. State*, 2014 ND 84, ¶ 6, 845 N.W.2d 327 (applying two-year statute of limitations to application filed after the statute's effective date, relating to a conviction that became final before the effective date). The court's order, therefore, has the "practical effect" of being a dismissal "with prejudice" and was a "final" order for purposes of seeking Rule 60(b) relief in the district court. *Cf. Jaskoviak*, 2002 ND 1, ¶ 8, 638 N.W.2d 1.

[¶ 11] A Rule 60(b) motion must be made "within a reasonable time, and for reasons (1), (2), and (3) no more than a year after notice of entry of the judgment or order in the action or proceeding if the opposing party appeared, but not more than one year after a default judgment has been entered." N.D.R.Civ.P. 60(c). Here, no notice of entry of the November 22, 2013, order appears in the record, but Riak expressed actual knowledge of the order in his letter to the court dated February 18, 2014, and filed on February 24, 2014. After the district court invited Riak to make "an appropriate motion," in its February 25, 2014 letter, Riak made his motion to reopen the order on March 7, 2014. We conclude his motion under N.D.R.Civ.P. 60(b) was timely.

[¶ 12] Additionally, Riak filed his notice of appeal on April 10, 2014, which was within 60 days after the district court filed and served on the parties its March 24, 2014, order denying his motion. We conclude his appeal from the order is also timely. *See* N.D.R.App.P. 4(a)(1) and 4(a)(3)(B)(ii). On this record, therefore, we conclude that both Riak's motion under N.D.R.Civ.P. 60(b) and his appeal from the order denying his motion were timely.

### III

[¶ 13] Riak contends the district court erred in denying his motion to reopen the dismissed application under N.D.R.Civ.P. 60(b).

[¶ 14] The district court may grant a party relief from a judgment or order under Rule 60(b)(1), if it was the product of "mistake, inadvertence, surprise, or excusable neglect," and under Rule 60(b)(6) for "any other reason that justifies relief." The moving party bears the burden of showing sufficient grounds to disturb the finality of the judgment and relief is granted only in "exceptional circumstances." *See Palmer*, 2012 ND 237, ¶ 7, 824 N.W.2d 406. We will not reverse a district court's denial of a motion for reconsideration on appeal "absent a manifest abuse of discretion." *Waslaski*, 2013 ND 70, ¶ 10, 830 N.W.2d 228. When we review the court's decision denying the motion for relief, we determine whether the court abused its discretion in ruling the moving party did not establish sufficient grounds for disturbing the order. *Wheeler v. Southport Seven Planned Unit Dev.*, 2012 ND 201, ¶ 29, 821 N.W.2d 746. A court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, or when it misinterprets or misapplies the law, or when its decision is not the product of a rational mental process leading to a reasoned determina-

tion. *See Waslaski*, at ¶ 10; *Palmer*, at ¶ 6.

[¶ 15] In 2013, the legislature amended N.D.C.C. §§ 29–32.1–01 and 29–32.1–09 relating to limitations and summary disposition in post-conviction proceedings, effective August 1, 2013. *See* N.D. Sess. Laws ch. 248, §§ 1, 2; *Chisholm v. State*, 2014 ND 125, ¶ 8, 848 N.W.2d 703. Riak, however, filed his post-conviction relief application in February 2013, before the amendments to include a two-year statute of limitation and allow a court to dismiss a meritless application on its own motion became effective. *See Lindsey v. State*, 2014 ND 174, ¶ 6 n. 1, 852 N.W.2d 383 (applying the former version of statutes when defendant had applied for relief before the effective date of amendments).

[¶ 16] Under our prior law, this Court held that before a court may summarily dismiss an application under N.D.C.C. § 29–32.1–09, the post-conviction relief applicant must be given notice that he is being put to his proof and have an opportunity to respond and submit evidence to show a genuine material fact issue exists. *See Chisholm*, 2014 ND 125, ¶ 10, 848 N.W.2d 703; *State v. Bender*, 1998 ND 72, ¶¶ 18, 23–24, 576 N.W.2d 210. We explained:

> We held a court may not dismiss an application under [former N.D.C.C. § 29–32.1–09] unless there is no dispute as to the material facts or the inferences to be drawn from the undisputed facts. We further held the applicant must be given notice and an opportunity to respond and submit evidence to demonstrate there is a genuine issue of material fact before the court may dismiss the application.
>
> We also recognized the court has inherent authority to dismiss an application, on its own motion, for failure to state a valid claim. We said summary

dismissal of a post-conviction application is analogous to dismissal of a civil complaint under N.D.R.Civ.P. 12(b) for failure to state a claim upon which relief can be granted and a court may dismiss a complaint for failure to state a valid claim on its own initiative. We recognized that the court's power to dismiss a claim on its own motion for the failure to state a valid claim is derived from the court's inherent authority to dismiss a meritless claim. We held the court has authority to dismiss an application if it would be impossible for the applicant to prove a claim for which relief could be granted relying only on the face of the claims made in the application.

When the court considered matters outside the pleading in summarily dismissing an application on its own motion, we have treated the court's summary dismissal as a summary judgment and held the procedural requirements apply. We have held the court's decision was reversible error when the applicant was not provided with notice and an opportunity to present evidence supporting his claims.

*Chisholm*, at ¶¶ 10–12 (citations omitted). Nonetheless, after the 2013 legislative amendments, we held an applicant is still entitled to notice and an opportunity to submit evidence before an application is dismissed:

> The amendments to N.D.C.C. § 29–32.1–09 changed the law, and the statute now expressly authorizes a court to dismiss an application on its own motion for various reasons, including when the claims in the application are meritless. However, we do not agree that the statute waives the previous requirement that an applicant be given notice and an opportunity to submit evidence before the court considers evidence outside the pleading to determine a claim is meritless. An applicant is not required to include argument or discussion of authorities in his application or to attach supporting materials. N.D.C.C. § 29–32.1–04. The plain language of N.D.C.C. § 29–32.1–09(1) authorizes a court to dismiss an application for post-conviction relief before the State responds and before the applicant presents any evidence supporting his claims if the claims are meritless. The plain language of the statute indicates the court may decide the claims are meritless and dismiss the application relying solely on the facial validity of the claims made in the application. The legislative history also supports this interpretation. *See Hearing on S.B. 2227 Before Senate Judiciary Comm.*, 63rd N.D. Legis. Sess. (Feb. 5, 2013) (testimony of Justice Dale Sandstrom, Supreme Court Justice) ("A court could also summarily dismiss post-conviction relief proceedings where the statute of limitations has run, and when from the face of the post-conviction relief filing—even if what is alleged is true—it wouldn't be a basis to grant post-conviction relief.").

*Chisholm*, at ¶ 14 (citations omitted). We ultimately held that when a court "relie[s] on information outside the application in determining the application was frivolous and wholly without merit, N.D.C.C. § 29–32.1–09(1) does not apply." *Chisholm*, at ¶ 17. "The statutory amendments did not change the law that applies when a court dismisses an application after considering matters outside the application to determine whether there was evidence to support the applicant's claims." *Id.*

[¶ 17] In its March 2014 order denying Riak's motion to reopen the application, the district court essentially treated his motion as merely another application for relief. Rather than address the propriety of the court's earlier dismissal of the application on its own motion without prejudice,

the court addressed the merits of the earlier application, concluding Riak's "multiple" applications are without legal or factual support and constitute a misuse of process:

> Petitioner has filed multiple applications for post-conviction relief. Every application the Petitioner has brought forth has been lacking factual support or a legal basis under N.D.C.C. § 29–32.1–12. The conduct of the Petitioner in filing and re-filing these post-conviction applications with no legal or factual support arises [sic] to misuse of process under N.D.C.C. § 29–32.1–12(2)(b). As a result, post-conviction relief is no longer available to the Petitioner under the statute.

[¶ 18] When the district court dismissed Riak's February 2013 application on its own motion in November 2013, the State had not responded or moved to dismiss the application so as to put Riak "to his proof" in supporting his application. In fact, the record reflects the proceedings on the application had been continued, granting the State additional time to submit a response. The court's November 2013 dismissal order only indicates the court was advised that the case had been "settled or tried," and the court made no determination on the pleadings that Riak's application was frivolous and wholly without merit.

[¶ 19] Because Riak's February 2013 application should not have been dismissed in the first instance, when considered with other procedural irregularities, we conclude the district court abused its discretion in failing to grant relief under N.D.R.Civ.P. 60(b). Under these narrow and unique circumstances, we reverse the district court order denying Riak's motion to reopen his application and remand for the court to reopen Riak's February 2013 post-conviction relief application to allow the State to file a response or move to dismiss the application.

IV

[¶ 20] We reverse the district court's order and remand for further proceedings consistent with this opinion.

[¶ 21] CAROL RONNING KAPSNER, LISA FAIR McEVERS and DANIEL J. CROTHERS, JJ., concur.

SANDSTROM, Justice, dissenting.

[¶ 22] I respectfully dissent.

[¶ 23] Riak Riak pled guilty to gross sexual imposition for the rape of an intoxicated, unconscious woman. Riak acknowledges it was an open plea with no plea bargain. The offense was confirmed by an eyewitness account and DNA evidence. He was sentenced to twenty years' imprisonment, first to serve seventeen years, with ten years' supervised probation to follow. He does not believe the rape of an unconscious woman merits such a serious sentence. He has filed multiple post-conviction relief petitions.

[¶ 24] In his most recent filing, although he makes generalized allegations of ineffective assistance of counsel without any showing that what he alleges would have made any difference, his primary complaint is that his sentence is "unreasonably harsh."

[¶ 25] After the application had been filed, the parties agreed to a delay in the State's response because "[d]efense counsel has asked the State for additional time to visit with his client about the merits of his post-conviction relief claim."

[¶ 26] After nothing had been filed for seven months, the court gave the parties 14–days' notice of its intent to dismiss. When nothing more had been filed, 19 days later the court dismissed.

[¶ 27] After the notice from the court of intent to dismiss, the failure to respond made the court's action reasonable and appropriate. In addition, the changes in the law that became effective on August 1, 2013, gave the court clear additional procedural authority: "The court, on its own motion, may enter a judgment denying a meritless application on any and all issues raised in the application before any response by the state." N.D.C.C. § 29–32.1–09(1). *See, e.g., In re Foster's Estate,* 89 N.W.2d 112, 116 (N.D.1958) ("When an amendment to a procedural law becomes effective during the pendency of a suit the validity of proceedings had is determined under the old provisions but future procedure is governed by the amendment unless a contrary legislative intent appears.").

[¶ 28] Riak has never shown any merit to his application.

[¶ 29] If Riak wished to seek relief under N.D.R.Civ.P. 60(b), he needed to show not only an error by the court but also that he had a meritorious claim. Riak was put to his proof in seeking to reopen the application, *e.g., Palmer v. State,* 2012 ND 237, 824 N.W.2d 406. He failed to meet that burden.

[¶ 30] Riak moved to "reopen," and the majority treats it as a request for relief under N.D.R.Civ.P. 60(b). Riak, however, failed to submit any evidence that would have precluded summary disposition of the motion for post-conviction relief. *See, e.g., Estate of Wieland,* 1998 ND 130, ¶ 15, 581 N.W.2d 140:

> Our standard of review of a decision on a N.D.R.Civ.P. 60(b) motion to vacate was recently explained:
>
> > It is within the trial court's discretion whether to grant or deny a motion to vacate. Absent an abuse of this discretion, we will not set aside the trial court's decision on appeal. A trial court abuses its discretion if it

acts in an arbitrary, capricious, or unreasonable manner, or if it misinterprets or misapplies the law.

*Filler v. Bragg,* 1997 ND 24, ¶ 9, 559 N.W.2d 225 (citations omitted). "If the judgment sought to be set aside is entered pursuant to a stipulation of the parties, the party challenging the judgment under *Rule 60(b), N.D.R.Civ.P., has the additional burden of showing that under the law of contracts there is justification for setting the contract aside.*" *Peterson v. Peterson,* 555 N.W.2d 359, 361 (N.D.1996) (citing *Soli v. Soli,* 534 N.W.2d 21, 23 (N.D.1995)). We are not convinced the trial court abused its discretion in denying Thomas' motion to vacate the order distributing the estate. Therefore, we affirm.

(Emphasis added.)

[¶ 31] In *King v. Montz,* 219 N.W.2d 836 (N.D.1974), this Court concluded that "the negligence of the insurer in failing to defend is not to be imputed to the defendant so as to bar the opening of a default judgment where, in the exercise of a sound judicial discretion, it appears that defendant after receiving notice acted with diligence, *has a defense on the merits,* and where, as here, no substantial prejudice will result to the plaintiff." *Id.* at 838 Syllabus ¶ 6 (emphasis added).

[¶ 32] In other words, one of the factors a defendant must show is that he or she has a meritorious argument on the merits, and not simply that there was a "mistake, inadvertence, surprise, or excusable neglect" or error of the court under N.D.R.Civ.P. 60(b).

[¶ 33] Similarly, this Court has consistently held that in seeking to vacate a default judgment for failure to answer, a defendant must show good cause and tender the missing answer. *See, e.g., U.S.*

*Bank Nat'l Ass'n v. Arnold,* 2001 ND 130, 631 N.W.2d 150:

> In deciding Arnold was not entitled to relief from judgment under N.D.R.Civ.P. 60(b), the district court applied this Court's three-part test for vacating judgment. *See Bender v. Liebelt,* 303 N.W.2d 316, 318 (N.D.1981) (*judgments may be reopened when a motion is promptly made, when the grounds stated satisfy the requirements of Rule 60, and when an answer appearing to state a meritorious defense is presented* ).

*Id.* at ¶ 24 (emphasis added). *See also Hinz v. Northland Milk & Ice Cream Co.,* 237 Minn. 28, 53 N.W.2d 454 (1952); *Gepner v. Fujicolor Processing, Inc.,* 2001 ND 207, ¶ 16, 637 N.W.2d 681; *King v. Montz,* 219 N.W.2d 836, 840 (N.D.1974).

[¶ 34] Here, in seeking relief, Riak has failed to show by competent admissible evidence a genuine issue of material fact as to any merit in his petition for post-conviction relief.

[¶ 35] Seeking Rule 60(b) relief put Riak to his proof, and he failed to meet that burden. This district court did not abuse its discretion in not giving relief under Rule 60(b). I would affirm.

[¶ 36] DALE V. SANDSTROM