2016 ND 225

**Stacey HILDEBRAND, Plaintiff and Appellee**

v.

**Shane STOLZ, Defendant and Appellant.**

**No. 20160038.**

Supreme Court of North Dakota.

Dec. 5, 2016.

Bobbi B. Weiler, Bismarck, ND, for plaintiff and appellee.

Justin D. Hager, Bismarck, ND, for defendant and appellant.

McEVERS, Justice.

[¶ 1] Shane Stolz appeals from the district court's order denying his motion to vacate judgment and the judgment granting Stacey Hildebrand primary residential responsibility of their two minor children, requiring Stolz to make $761 per month in child support payments, and partitioning real property held jointly between them. Because the district court did not abuse its discretion denying Stolz's motion to vacate, we affirm. However, the judgment incorrectly states the matter came before the district court "on motion" and "as a stipulated divorce action," rather than an action for partition of real property and for a determination of parental rights and responsibilities. Therefore, we remand for the district court to correct the judgment to accurately reflect this action.

I

[¶ 2] Stacey Hildebrand and Shane Stolz never married, but had three children together. In her complaint filed in March 2012, Hildebrand requested the partition of real property they held jointly, primary residential responsibility of their minor children, and child support payments from Stolz. Stolz filed an answer to the complaint, listing his only denial as Hildebrand being the proper person to have primary residential and decision-making responsibility for the minor children. This is a prolonged dispute which has been continued several times.

[¶ 3] In January 2015, the district court set a trial date for April 29, 2015. Neither party disputes that Stolz's attorney, TaLisa Nemec, received notice from the district court regarding this trial date. Stolz signed an affidavit consenting to Nemec's withdrawal on March 31, 2015. In his affidavit, Stolz stated the withdrawal was based on mutual agreement, waived notice, and requested all future correspondence be mailed to him at a Bismarck address. On April 10, 2015, Nemec moved the court to allow her to withdraw as Stolz's attorney, and submitted a brief and Stolz's affidavit in support.

[¶ 4] The district court granted the motion to withdraw on April 28, 2015. The district court held the trial as scheduled on April 29, 2015. Stolz was not present. The district court noted Nemec's withdrawal and its belief that Stolz intended to proceed as a self-represented litigant. The district court proceeded to hear testimony and receive exhibits. Hildebrand submitted evidence, testimony, and filed a post-trial brief. Hildebrand served the post-trial brief on Stolz on September 11, 2015. On October 5, 2015, the district court issued a memorandum and order finding Stolz in default for failing to appear at the trial, awarding primary residential responsibility to Hildebrand based on the best interest factors, requiring Stolz to make $761 per month in child support payments, and ordering the partition of real property held jointly by Hildebrand and Stolz.

[¶ 5] Before the district court entered judgment, Stolz hired another attorney and moved to vacate the district court's order under N.D.R.Civ.P. 60(b)(1) or (6). Stolz argued he was not aware of the trial date and his counsel did not notify him of the trial date. In support of his argument, Stolz and his wife, Sharon Stolz, submitted

affidavits alleging Nemec never notified Stolz of the trial date, and that there was no documentation in the file Stolz received from Nemec after she withdrew regarding a trial date. Stolz also argued the district court erred by granting Nemec's motion to withdraw as counsel the day before the trial began. Stolz did not request a hearing on his Rule 60(b) motion. In reply to Stolz's motion to vacate, Hildebrand submitted an affidavit and an affidavit of the parties' seventeen-year-old daughter alleging Stolz had notice of the trial. Relying on the affidavit from the parties' daughter, the district court found it was "more likely than not that [Stolz] was aware of the April 29, 2015 trial date." The court further found that "[e]ven if he was not made aware by Ms. Nemec, he had an obligation as a self-represented party to apprise himself of the status of this litigation which has been ongoing since March 2012." The district court denied Stolz's motion to vacate and entered a judgment partitioning real property, awarding Hildebrand primary residential responsibility, requiring Stolz to pay child support, and awarding Stolz reasonable parenting time. Stolz appeals.

## II

[¶ 6] Stolz moved to vacate the district court's memorandum and order under Rule 60(b), N.D.R.Civ.P., which provides a party may only move for relief from a "final judgment or order." The memorandum and order was not a final judgment. The district court, however, considered Stolz's motion under Rule 60(b), N.D.R.Civ.P. Because a consistent judgment was subsequently entered, we will consider Stolz's arguments in the context of N.D.R.Civ.P. 60(b). *See Jury v. Barnes Co. Municipal Airport Authority*, 2016 ND 106, ¶ 9, 881 N.W.2d 10.

[¶ 7] Stolz argues the district court erred in denying his motion to vacate the judgment. A motion to vacate lies with the "sound discretion of the trial court, and its decision whether to vacate the judgment will not be disturbed on appeal unless the court has abused its discretion." *Kopp v. Kopp*, 2001 ND 41, ¶ 7, 622 N.W.2d 726 (citing *Peterson v. Peterson*, 555 N.W.2d 359, 361 (N.D.1996)). "A district court abuses its discretion when it acts in an arbitrary, capricious, or unreasonable manner." *Investors Title Ins. Co. v. Herzig*, 2010 ND 169, ¶ 19, 788 N.W.2d 312 (citing *Bjorgen v. Kinsey*, 491 N.W.2d 389, 392 (N.D.1992)). "A trial court acts in an arbitrary, unreasonable, or unconscionable manner when its decision is not the product of a rational mental process by which the facts and law relied upon are stated and considered together for the purpose of achieving a reasoned and reasonable determination." *Kopp*, at ¶ 7 (citing *Peterson*, 555 N.W.2d at 361). "An abuse of discretion also occurs when a district court misinterprets or misapplies the law." *Datz v. Dosch*, 2014 ND 102, ¶ 13, 846 N.W.2d 724 (quotation marks omitted). A self-represented party "should not be treated differently nor allowed any more or any less consideration than parties represented by counsel." *Horace Farmers Elevator Co. v. Brakke*, 383 N.W.2d 838, 840 (N.D.1986) (citing *Randall v. Anderson*, 286 N.W.2d 515 (N.D.1979)); *see also Jury*, at ¶ 14.

### A.

[¶ 8] Stolz argues the district court misapplied the law in entering a default judgment, and should have granted Stolz a trial on the merits. Stolz argues the district court should have been more lenient, because trial on the merits is favored. However, Stolz's argument is misplaced. The history of the case itself shows the district court did not enter a default judg-

ment. Hildebrand commenced this action in March 2012. Stolz answered the complaint and made numerous appearances over the course of this prolonged litigation. Hildebrand did not move for default judgment. None of the procedural requirements for a default judgment after an appearance had been made were requested or applied. The district court did not enter a default judgment against Stolz under N.D.R.Civ.P. 55. Rather, the district court found Stolz to be in "default" on the day of trial for failing to appear at the trial, and it proceeded to receive testimony and exhibits.

[¶ 9] In its memorandum and order, the court observed, "[b]ecause it appears [Stolz] had notice of the trial and failed to appear, the court finds him to be in default. [Hildebrand] testified at trial and offered exhibits which were received in evidence." In its order denying Stolz's motion to vacate, the district court explained that "[a]t the *conclusion of the trial,* the court took the case under advisement." (Emphasis added.) Litigated judgments, as distinguished by default judgments are those "judgments entered after trial on the merits." *Throndset v. L.L.S.,* 485 N.W.2d 775, 778 (N.D.1992) (quotation marks omitted); *see also Goetz v. Gunsch,* 80 N.W.2d 548, 552–53 (N.D.1956) (noting a default judgment is one taken against a defendant who fails to answer or enter an appearance on time; not when a defendant does not appear at trial). The district court found Stolz in default for failing to appear at trial, and held trial without him. "Default" is a legal term of art, as well as a type of judgment under N.D.R.Civ.P. 55. *See Black's Law Dictionary* 480 (9th ed. 2009) ("To be neglectful; To fail to appear or answer"). Here, the district court heard testimony and took evidence, albeit from only one party. Because this was not a default judgment, we decline Stolz's invi-

tation to apply remedial considerations applicable to default judgments.

**B.**

[¶ 10] Stolz argues the district court erred in granting Nemec's motion to withdraw the day before trial without first deciding if Stolz was aware of trial and that his interests would not be adversely affected. Stolz did not cite any authority supporting his position, and we have found none. Stolz was represented by counsel in January 2016 and provided notice of the trial through his counsel. Stolz signed an affidavit consenting to the withdrawal, waiving further notice. Nemec moved to withdraw under N.D.R.Ct. 11.2. In the motion, Nemec cited to N.D.R.Ct. 3.2, which states "the moving party must serve and file a brief and other supporting papers and the opposing party must have 14 days after service of a brief within which to serve and file an answer brief and other supporting papers." Rule 6(e)(1), N.D.R.Civ.P., adds three days for service. Therefore, under N.D.R.Ct. 3.2, the earliest the district court could have granted the motion to withdraw was April 28, 2015, seventeen days after Nemec moved to withdraw as Stolz's attorney. We will not overturn the district court's decision to grant Nemec's motion to withdraw the day before trial when Stolz consented, and the district court followed the time frames prescribed under the rules.

**C.**

[¶ 11] Stolz argues the district court erred in finding he had notice of the trial date. The district court's determination that Stolz knew of the trial date is a finding of fact, which we will not set aside unless it is clearly erroneous. N.D.R.Civ.P. 52(a).

A finding of fact is clearly erroneous if it is induced by an erroneous view of the

law, if no evidence exists to support it, or if the reviewing court, on the entire evidence, is left with a definite and firm conviction a mistake has been made. Under the clearly erroneous standard of review, we do not reweigh the evidence or reassess the credibility of witnesses[.] *Dronen v. Dronen*, 2009 ND 70, ¶ 7, 764 N.W.2d 675.

[¶ 12] According to Stolz, he never personally received notice of the trial date from the court, opposing counsel, or his attorney, and he argues motions to vacate should be granted when the mistake or neglect is the fault of a third party. *See CUNA Mortg. v. Aafedt*, 459 N.W.2d 801, 803 (N.D.1990) (affirming the district court's decision to grant a party's motion to vacate when the mistake was the fault of their attorney); *King v. Montz*, 219 N.W.2d 836, 840 (N.D.1974) (reversing the district court's decision denying a party's motion to vacate when the neglect or error was the fault of their insurance company). However, Stolz's argument fails because he has not shown his failure to appear at the hearing was a mistake caused by his attorney.

[¶ 13] Stolz's situation is similar to our ruling in *Throndset*. In *Throndset*, Larry Throndset failed to appear at a hearing for summary judgment in an action to establish paternity and child support payments. 485 N.W.2d at 777. Throndset moved to vacate the judgment, arguing he had a statutory right to an attorney, and the court failed to appoint him an attorney for the summary judgment hearing. *Id.* The district court denied his motion to vacate, stating "[Throndset] chose, by inaction or affirmative decision, to not have counsel and to not appear at the hearing requesting judgment[.]" *Id.* On appeal, Throndset argued the judgment entered as a result of the summary judgment hearing was a default judgment, and we should "apply a more lenient standard applicable to default judgments." *Id.* at 778. In addressing his standard of review argument, we did not agree the more lenient default judgment standard should apply. We stated even "[a]ssuming for this purpose that the September 1982 summary judgment is analogous to a judgment by default, in order for [Throndset] to prevail he must show that he has a meritorious defense to the merits of the action and that he sought relief from the judgment in a timely manner." *Id.* at 779. We affirmed, holding "any harm suffered by [Throndset] in this regard is just as likely attributable to his failure to appear at the hearing. The trial court's finding that [Throndset] knew about the summary judgment hearing, but chose not to attend, is not clearly erroneous under Rule 52(a), N.D.R.Civ.P." *Id.* at 780.

[¶ 14] Here, Stolz did not request a hearing in his Rule 60(b) motion. Stolz and Hildebrand both chose to proceed on affidavits submitted as evidence to the district court. Stolz and his wife claimed they did not have knowledge of the trial date. Through the affidavit of the parties' seventeen-year-old daughter, the district court found that Stolz had notice of the trial date:

> An affidavit of the parties' 17 year old daughter, G.S., was submitted in support of Plaintiff's opposition to the motion to vacate. In her affidavit, G.S. states that she was living with [Stolz] in the month of April, 2015, that she observed court documents on [Stolz's] desk, that [Stolz] knew about the trial and asked her to write a statement for him, and that [Stolz] pressured her to testify on his behalf at trial.
>
> Considering all of these factors, it seems more likely than not that [Stolz] was aware of the April 29, 2015 trial date.

Under the clearly erroneous standard of review, "we do not reweigh the evidence or reassess the credibility of witnesses." *Kartes v. Kartes,* 2013 ND 106, ¶ 36, 831 N.W.2d 731 (citing *Seay v. Seay,* 2012 ND 179, ¶ 6, 820 N.W.2d 705; *Miller v. Mees,* 2011 ND 166, ¶ 12, 802 N.W.2d 153). The district court considered the affidavits in evidence, and was not clearly erroneous by finding Stolz had notice of the trial date based on his daughter's affidavit. Therefore, the district court did not abuse its discretion in denying Stolz's motion to vacate for mistake or excusable neglect under N.D.R.Civ.P. 60(b)(1).

### D.

[¶ 15] Other than a passing reference in a quoted case, Stolz makes no separate argument on appeal identifying what facts justify granting his motion to vacate under N.D.R.Civ.P. 60(b)(6). Likewise, in his brief to the district court, his only argument regarding Rule 60(b)(6) was, "This is the type of case that should warrant vacating a default decision even if the court relies on the catch-all provision of Rule 60(b)(6)."

[¶ 16] "Rule 60(b)(6), N.D.R.Civ. P., is a 'catch-all' provision that allows a district court to grant relief from a judgment for 'any other reason that justifies relief.'" *Meier v. Meier,* 2014 ND 127, ¶ 7, 848 N.W.2d 253 (citing *Olander Contracting Co. v. Gail Wachter Invs.,* 2003 ND 100, ¶ 9, 663 N.W.2d 204). Rule 60(b)(6), N.D.R.Civ.P., "should be invoked only when extraordinary circumstances are present." *Kopp,* 2001 ND 41, ¶ 9, 622 N.W.2d 726; *Watne v. Watne,* 391 N.W.2d 636, 639 (N.D.1986). This Court previously described the limitations of N.D.R.Civ.P. 60(b)(6):

> [T]he use of the rule is limited by many considerations. It is not to be used as a substitute for appeal. It is not to be used to relieve a party from free, calculated, and deliberate choices he has made. It is not to be used in cases where subdivisions (1) to (5) of Rule 60(b) might be employed—it and they are mutually exclusive. Yet 60(b)(6) can be used where the grounds for vacating a judgment or order are within any of subdivisions (1) to (5), but something more or extraordinary which justifies relief from the operation of the judgment must be present.

*City of Wahpeton v. Drake–Henne, Inc.,* 228 N.W.2d 324, 330 (N.D.1975) (citations omitted) (quotation marks omitted).

[¶ 17] Stolz's argument most relevant to Rule 60(b)(6) was because he did not appear at trial, he was not allowed to present evidence related to his case, including Hildebrand's felony convictions which should have been considered in the best interest factors. However, the district court found that he had notice of the trial date. The time to present evidence was at trial. The district court heard evidence from Hildebrand regarding her past convictions and drug issues, the value of the property held jointly between Hildebrand and Stolz, and weighed the best interest factors in determining primary residential responsibility. Stolz's affidavit in support of his motion to vacate vaguely references, without specificity, that there have been problems with the interim order and he has been denied visitation. The interim order had been in place since November 2013. Any issues he may have been having could have been addressed either before or at trial.

[¶ 18] Here, in its order denying Stolz's motion to vacate, the district court stated "[e]ven if [Stolz] was not made aware by Ms. Nemec, he had an obligation as a self-represented party to apprise himself of the status of this litigation which has been ongoing since March 2012." It is clear

from the record that the district court considered, but was not convinced, Stolz's circumstances provided something "more or extraordinary" which would justify relief when denying Stolz's motion to vacate. Therefore, the district court did not abuse its discretion in denying Stolz's motion to vacate under N.D.R.Civ.P. 60(b)(6).

### III

[¶ 19] Because the district court's finding that Stolz had notice of the trial date was not clearly erroneous, we hold the district court did not abuse its discretion by denying Stolz's motion to vacate. The judgment and order are affirmed.

[¶ 20] However, the judgment incorrectly states the matter came before the district court "on motion" and "as a stipulated divorce action," rather than an action for partition of real property and for a determination of parental rights and responsibilities. Rule 60(a), N.D.R.Civ.P., provides that "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment.... But after an appeal has been docketed in the Supreme Court and while it is pending, such a mistake may be corrected only with the Supreme Court's leave." The mistake in the judgment appears to be an oversight by the district court. Therefore, we remand for the district court to correct the judgment to accurately reflect this action.

[¶ 21] DANIEL J. CROTHERS, DALE V. SANDSTROM, and CAROL RONNING KAPSNER, JJ., concur.

I concur in the result, GERALD W. VANDEWALLE, C.J.