Tufte, Justice.
 

 [¶ 1] Ewing Construction Co., Inc., appeals from a judgment denying its N.D.R.Civ.P. 60(b) motion to vacate a $951,191.62 default judgment entered in favor of Key Energy Services, LLC. Because the district court did not err in ruling service of process was proper and did not abuse its discretion in denying the motion to vacate, we affirm.
 

 I
 

 [¶ 2] Ewing is a Texas corporation with its principal place of business in Houston, Texas. Bill Ewing, Jr., is its CEO. In 2012 Ewing began serving as the designer of and general contractor for Key's construction of the P3 Service Center project in Williston. Ewing voluntarily canceled its North Dakota contractor license in October 2014. In January 2015, Key sued Ewing and 22 others to invalidate construction liens filed against its property and claiming Ewing failed to pay numerous subcontractors for their work on the project in violation of its contractual obligations. After Ewing failed to answer the complaint, Key moved in June 2016 for a default judgment against Ewing. The district court granted the motion and entered default judgment against Ewing, awarding Key $951,191.62. The default judgment was entered on June 24, 2016, and Key served notice of entry of judgment on June 27, 2016.
 

 [¶ 3] On May 12, 2017, after attempts were made to enforce the default judgment in Texas, Ewing brought a N.D.R.Civ.P. 60(b) motion to vacate the default judgment "because of insufficient service of process, and excusable neglect." Key responded by filing a corrected return of service which the district court accepted and considered. The corrected return of service was notarized and identified the documents served. On July 28, 2017, the court denied the N.D.R.Civ.P. 60(b) motion, concluding service of process was sufficient, the motion was untimely, and Ewing failed to establish excusable neglect.
 

 II
 

 [¶ 4] Ewing argues the district court erred in denying the motion for relief from the default judgment because of improper service of process in the original action and because he established mistake, inadvertence, surprise, or excusable neglect.
 

 A
 

 [¶ 5] Ewing argues the district court lacked jurisdiction to enter the default judgment because of improper service of process.
 

 [¶ 6] Under N.D.R.Civ.P. 4(d)(3)(A), service of process outside North Dakota may be accomplished in the same manner as service within this state.
 
 See
 

 Monster Heavy Haulers, LLC v. Goliath Energy Servs., LLC
 
 ,
 
 2016 ND 176
 
 , ¶ 13,
 
 883 N.W.2d 917
 
 . Ewing's sole claim is that the sheriff's return of service was inadequate because under N.D.R.Civ.P. 4(j)(1), the "certificate, affidavit ... must state the
 
 *322
 
 date, time, place, and manner of service." Ewing argues the original return of service was not notarized, it did not identify the documents served, it had indecipherable writing, and the signature was illegible.
 

 [¶ 7] Amendment of proof of service is allowed under N.D.R.Civ.P. 4(h) :
 

 The court may allow any process or proof of service to be amended at any time on notice and just terms, unless it clearly appears that the substantial rights of the party against whom the process was issued would be materially prejudiced.
 

 This rule continues the long-established principle that courts should allow amendments of returns of service "in accordance with the truth, and thus bring upon the record jurisdictional facts."
 
 Mills v. Howland
 
 ,
 
 2 N.D. 30
 
 ,
 
 49 N.W. 413
 
 (1891) (syllabus by the court);
 
 see also
 

 Cahoon v. N.D. Workers Comp. Bureau
 
 ,
 
 482 N.W.2d 865
 
 , 868 (N.D. 1992).
 

 [¶ 8] The North Dakota Rules of Civil Procedure generally follow the Federal Rules of Civil Procedure, and the interpretation of the Federal Rules can be persuasive.
 
 See, e.g.
 
 ,
 
 Unemployment Comp. Div. of Employment Sec. Bureau v. Bjornsrud
 
 ,
 
 261 N.W.2d 396
 
 , 398 (N.D. 1977) ("when we adopted the Federal Rules of Civil Procedure we did so with knowledge of the interpretations placed upon them by the Federal courts, and although we are not compelled to follow those interpretations, they are highly persuasive and, in the interest of uniform interpretation, we should be guided by them"). Commentators have noted that a "request ... for permission to amend the proof of service, as opposed to the process itself, rarely should be refused" because "the failure to make proof of service does not affect the validity of service and because the general rule is that statements set forth in the proof of service are considered rebuttable." 4B Wright, Miller and Steinman,
 
 Federal Practice and Procedure
 
 § 1132 (4th ed. 2015) (footnotes omitted). "The purpose of allowing an amendment of the sheriff's return being in the interest of justice and to make the record speak the truth, the amendment should be allowed in the exercise of the enlightened discretion of the court."
 
 Jongewaard v. Gesquire
 
 ,
 
 51 N.D. 173
 
 , 184,
 
 199 N.W. 585
 
 , 588 (1924) ;
 
 see also
 
 Annot.,
 
 Construction of Federal Civil Procedure Rule 4(h) Dealing With Amendment of Process or Proof of Service
 
 ,
 
 2 A.L.R. Fed. 513
 
 , 520 (1969). "A district court abuses its discretion if it acts in an arbitrary, unreasonable, or unconscionable manner, its decision is not the product of a rational mental process leading to a reasoned determination, or it misinterprets or misapplies the law."
 
 Sauter v. Miller
 
 ,
 
 2018 ND 57
 
 , ¶ 31,
 
 907 N.W.2d 370
 
 (internal citation omitted).
 

 [¶ 9] Although Key did not formally move to amend the proof of service, by accepting the corrected proof of service and concluding the "corrected Return of Officer and the Proof of Service complied with North Dakota law," the district court effectively granted a motion to amend the proof of service.
 
 See
 

 Kambeitz v. Acuity Ins. Co.
 
 ,
 
 2009 ND 166
 
 , ¶ 10,
 
 772 N.W.2d 632
 
 ;
 
 Leet v. City of Minot
 
 ,
 
 2006 ND 191
 
 , ¶ 8,
 
 721 N.W.2d 398
 
 . We conclude the district court did not abuse its discretion in allowing and considering the corrected return of service.
 

 [¶ 10] A sheriff's return creates a rebuttable presumption that the service stated in the return was made, which shifts to the defendant the burden of proving that service of process was not properly made.
 
 See, e.g.
 
 ,
 
 Monster Heavy Haulers
 
 ,
 
 2016 ND 176
 
 , ¶ 15,
 
 883 N.W.2d 917
 
 . Here, Bill Ewing, Jr., did not claim that he was
 
 *323
 
 never served with process. As the district court observed:
 

 In opposition to the presumption that service by the Constable for Nunces County, Texas was made, Mr. Ewing merely claimed that he did not recall being served and could not find the lawsuit paperwork in the records of Ewing. The Court finds that a presumption has arisen in Key's favor that service by the Constable for Nunces County, Texas was properly made and Ewing has not provided sufficient facts to overcome this presumption. Accordingly, the Court had personal jurisdiction over Ewing at the time the Default Order and Judgment was entered.
 

 [¶ 11] We conclude the district court did not err in ruling service of process was proper.
 

 B
 

 [¶ 12] Ewing argues the district court erred in refusing to grant his N.D.R.Civ.P. 60(b) motion to vacate the default judgment.
 

 [¶ 13] In
 
 Monster Heavy Haulers
 
 ,
 
 2016 ND 176
 
 , ¶ 10,
 
 883 N.W.2d 917
 
 , we explained:
 

 On appeal, to establish a basis for relief under N.D.R.Civ.P. 60(b) from a district court's denial of a motion for relief from a default judgment, a party must show the district court abused its discretion.
 
 US Bank Nat'l Ass'n v. Arnold
 
 ,
 
 2001 ND 130
 
 , ¶ 21,
 
 631 N.W.2d 150
 
 .... An abuse of discretion by the trial court is never assumed and must be affirmatively established, and this Court will not overturn a court's decision merely because it is not the one it would have made had it been deciding the motion.
 
 First Nat'l Bank of Crosby v. Bjorgen
 
 ,
 
 389 N.W.2d 789
 
 , 794-95 (N.D. 1986).
 

 This Court has previously stated there should generally be greater liberty in granting motions under N.D.R.Civ.P. 60(b) when the matter involves a default judgment rather than a judgment following a full trial on the merits.
 
 See
 

 State v. Red Arrow Towbar Sales Co.
 
 ,
 
 298 N.W.2d 514
 
 , 517 (N.D. 1980) ;
 
 City of Wahpeton v. Drake-Henne, Inc.
 
 ,
 
 228 N.W.2d 324
 
 , 330 (N.D. 1975). However, a Rule 60(b) motion is not a substitute for appeal and should not be used to relieve a party from free, calculated and deliberate choices he or she has made.
 
 Hefty v. Aldrich
 
 ,
 
 220 N.W.2d 840
 
 , 846 (N.D. 1974). The moving party bears the burden of establishing sufficient grounds for disturbing the finality of the judgment, and relief should be granted only in exceptional circumstances.
 
 Follman v. Upper Valley Special Educ. Unit
 
 ,
 
 2000 ND 72
 
 , ¶ 10,
 
 609 N.W.2d 90
 
 .... "A defendant's own errors will not always constitute proper grounds for relief from a default judgment."
 
 Beaudoin v. South Texas Blood & Tissue Center
 
 ,
 
 2005 ND 120
 
 , ¶ 40,
 
 699 N.W.2d 421
 
 . Rather, the applicable standard under N.D.R.Civ.P. 60(b)(i) to relieve a party from a judgment is whether there was "mistake, inadvertence, surprise, or excusable neglect."
 

 Id.
 

 (quoting N.D.R.Civ.P. 60(b)(i) ).
 

 [¶ 14] The only evidence of mistake, inadvertence, surprise, or excusable neglect provided by Ewing was an affidavit from Bill Ewing, Jr. The district court concisely summarized the affidavit:
 

 Ewing relied on the following facts set forth in Mr. Ewing's affidavit in support of its "excusable neglect" defense: a) if served, then the lawsuit documents were lost, b) he didn't believe Ewing had to file an answer until he received formal paperwork that set a date for a response, c) he thought Key was going to
 
 *324
 
 be filing bankruptcy and the lawsuit would be stayed, and d) the other non-answering defendants included major companies such as Sherwin-Williams Company and it did not strike him as problematic that Ewing did not file an answer.
 

 In finding these facts did not amount to excusable neglect, the court also noted the motion to vacate was untimely because it was not brought until almost one year after Ewing had notice of the default judgment proceedings. Timeliness is a factor for consideration,
 
 see
 

 State v. $33,000.00 U.S. Currency
 
 ,
 
 2008 ND 96
 
 , ¶ 17,
 
 748 N.W.2d 420
 
 , and we have said a "defendant who chooses not to put the plaintiff to its proof, but instead allows default judgment to be entered and waits, for whatever reason, until a later time to challenge the plaintiff's action, should have to bear the consequences of such delay."
 
 Monster Heavy Haulers
 
 ,
 
 2016 ND 176
 
 , ¶ 18,
 
 883 N.W.2d 917
 
 (internal citation omitted). Ewing also complains about the size of the default judgment. Although "under some circumstances the amount of money at stake might be a legitimate factor for a court to consider on a motion to vacate a default judgment, ... this factor is not enough ... in the absence of a good excuse for the default."
 
 C.K.S. Eng'rs, Inc. v. White Mountain Gypsum Co.
 
 ,
 
 726 F.2d 1202
 
 , 1208 (7th Cir. 1984). Ewing's neglect is not excusable.
 

 [¶ 15] The district court did not abuse its discretion in denying the motion to vacate the default judgment.
 

 III
 

 [¶ 16] The judgment is affirmed.
 

 [¶ 17] Jerod E. Tufte
 

 Lisa Fair McEvers
 

 Jon J. Jensen
 

 Dale Sandstrom, S.J.
 

 Gerald W. VandeWalle, C.J.
 

 [¶ 18] The Honorable Dale V. Sandstrom, Surrogate Judge, sitting in place of Crothers, J., disqualified.