# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2019 ND 102

State of North Dakota, by and through
Workforce Safety and Insurance,                           Plaintiff and Appellee

    v.

Eight Ball Trucking, Inc.,
David T. Horrocks, and
Laurie J. Horrocks,                                      Defendants and Appellants

No. 20180267

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Gail Hagerty, Judge.

AFFIRMED.

Opinion of the Court by VandeWalle, Chief Justice.

Mitchell D. Armstrong (argued) and Sarah E. Wall (on brief), Special Assistant Attorneys General, Bismarck, ND, for plaintiff and appellee.

Aaron W. Owens, Provo, UT, for defendants and appellants.

**VandeWalle, Chief Justice.**

[¶1]    Eight Ball Trucking, Inc., and David and Laurie Horrocks (collectively "defendants") appealed from an order entered after the district court denied their motion under N.D.R.Civ.P. 60(b) for relief from a summary judgment. We conclude the court did not abuse its discretion in denying the motion, and we affirm the order.

I

[¶2]    The Horrocks are officers of Eight Ball, a Utah trucking company doing business in North Dakota during the relevant time period.  A dispute arose over Eight Ball's allocation of employees between North Dakota and Utah and Eight Ball's obligation to procure North Dakota workers compensation insurance for its North Dakota employees.  In late March and early April 2016, Workforce Safety & Insurance ("WSI") commenced an action against the defendants by serving them with a summons and complaint to enjoin them from employing individuals in North Dakota and to collect $802,689.84 in unpaid workers compensation insurance premiums, penalties, and interest.  *See* N.D.R.Civ.P. 3 ("A civil action is commenced by the service of a summons.").  WSI's complaint alleged that the defendants were Utah employers engaged in employment in North Dakota without proper workers compensation insurance and were liable for unpaid premiums, penalties, and interest and estimated premiums, penalties, and interest for the time period from October 10, 2009 through February 29, 2016.  The complaint alleged that WSI had issued an August 28, 2015 notice of an administrative decision finding the Horrocks personally liable for unpaid premiums and penalties owed by Eight Ball, that the Horrocks did not request reconsideration nor appeal from that decision, and that the administrative decision was res judicata.

1

[¶3]    In an April 21, 2016 email to WSI, Laurie Horrocks indicated she was responding to WSI's summons and submitted documentation she claimed established Eight Ball's gross wages for the requested time periods.  An internal WSI claim note stated that WSI received a telephone call from Laurie Horrocks on May 27, 2016, requesting an update on her response to the summons and complaint.  The internal claim note said Laurie Horrocks was informed the submitted documentation did not support an adjustment to Eight Ball's outstanding premium balance.  A June 29, 2016 letter from WSI to the Horrocks informed them that WSI had finished its review of the documentation sent on April 21, 2016, and determined the information did not warrant a premium adjustment.  WSI's letter to the Horrocks stated it was denying the request for an adjustment and requested payment of $802,362.52.  In an October 10, 2016 letter to the Horrocks, WSI sent an Alternative Dispute Resolution Statement indicating ADR was not appropriate because there was no dispute regarding the amount of premium owed and multiple attempts to collect the premium had failed.

[¶4]    According to WSI, the Horrocks did not respond to the October 2016 letter, and on November 10, 2016, WSI filed the pending lawsuit in district court and moved for summary judgment.  WSI served the motion by mail on the Horrocks.  According to the Horrocks, they did not respond to the summary judgment motion because they thought they had submitted necessary documentation to WSI to resolve the issue.  On December 15, 2016, the district court granted WSI's motion for summary judgment, awarding WSI $812,702.79 in premiums, penalties, and costs and disbursements and enjoining Eight Ball from engaging in employment in North Dakota.  The court concluded the defendants were prevented by administrative res judicata from relitigating issues or defenses that could have been raised during the administrative process.  On December 19, 2016, WSI sent the Horrocks a letter, informing them the judgment had been entered against them on December 15, 2016, and requesting payment.  The defendants did not appeal from the summary judgment.

[¶5]    On December 15, 2017, the defendants filed a motion under N.D.R.Civ.P. 60(b)(1) to set aside the summary judgment on the grounds of mistake, inadvertence,

2

surprise or excusable neglect. The district court denied the motion, determining the defendants' disregard and neglect of the legal process was not excusable neglect and failed to establish extraordinary circumstances necessary to set aside the judgment under N.D.R.Civ.P. 60(b). The court said the 2016 summary judgment was a decision on the merits and the defendants' claims about a meritorious defense were inapplicable. The court nevertheless explained that the defendants' conclusory allegations failed to provide specific facts to establish a legal basis for allowing consideration of their alleged defenses.

## II

[¶6] The defendants argue the district court erred in considering the summary judgment as a judgment on the merits and in applying a stricter standard to set aside the judgment rather than applying the more lenient standard for setting aside a default judgment. They assert the summary judgment was not a judgment after a full trial on the merits because there were factual disputes about the allocation of Eight Ball's wages to North Dakota employees and to Utah employees. They contend the court erred in granting WSI's "unsupported" and "premature" motion for summary judgment. They argue the unopposed motion for summary judgment and resulting summary judgment should have been vacated for mistake, inadvertence, surprise or excusable neglect under N.D.R.Civ.P. 60(b)(1), or for any other reason justifying relief under N.D.R.Civ.P. 60(b)(6).

[¶7] In *Carroll v. Carroll*, 2017 ND 73, ¶ 8, 892 N.W.2d 173 (citations omitted), we described our standard of review of a district court's decision on a motion to vacate a judgment:

> Under N.D.R.Civ.P. 60(b), a motion to vacate a judgment "lies with the 'sound discretion of the trial court, and its decision whether to vacate the judgment will not be disturbed on appeal unless the court has abused its discretion.'" We have explained that under Rule 60(b) "[w]e do not determine whether the court was substantively correct in entering the judgment from which relief is sought, but determine only whether the court abused its discretion in ruling that sufficient grounds for disturbing the finality of the judgment were not established." A

district court may grant relief under N.D.R.Civ.P. 60(b) for "(1) mistake, inadvertence, surprise, or excusable neglect; . . . (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; . . . or (6) any other reason that justifies relief." "Rule 60(b) attempts to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice should be done, and, accordingly, the rule should be invoked only when extraordinary circumstances are present."

[¶8] A district court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, when it misinterprets or misapplies the law, or when its decision is not the product of a rational mental process leading to a reasoned determination. *Riak v. State*, 2015 ND 120, ¶ 14, 863 N.W.2d 894.

[¶9] In considering a motion to vacate a judgment, we have said "[a] self-represented party 'should not be treated differently nor allowed any more or any less consideration than parties represented by counsel.'" *Hildebrand v. Stolz*, 2016 ND 225, ¶ 7, 888 N.W.2d 197 (quoting *Horace Farmers Elevator Co. v. Brakke*, 383 N.W.2d 838, 840 (N.D. 1986)). We have also said "'there should generally be greater liberty in granting motions under N.D.R.Civ.P. 60(b) when the matter involves a default judgment rather than a judgment following a full trial on the merits.'" *Key Energy Servs., LLC v. Ewing Const., Inc.*, 2018 ND 121, ¶ 13, 911 N.W.2d 319 (quoting *Monster Heavy Haulers, LLC v. Goliath Energy Servs., LLC*, 2016 ND 176, ¶ 10, 883 N.W.2d 917). In *Throndset v. L.L.S.*, 485 N.W.2d 775, 778-79 (N.D. 1992) (quoting *CUNA Mortgage v. Aafedt*, 459 N.W.2d 801, 803 (N.D. 1990)), we explained the bases for the more lenient standard for analyzing default judgments:

> While a trial court certainly has discretion to grant or deny a Rule 60(b) motion to vacate a default judgment, the range of that discretion is limited by three important considerations. First, Rule 60(b) is remedial in nature and should be liberally construed and applied. Second, decisions on the merits are preferable to those by default. Third, as a consequence of the first two considerations, '"[w]here timely relief is sought from a default judgment and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the judgment so that cases may be decided on their merits."'

4

[¶10]   The defendants claim the district court erred in not considering their motion to set aside the summary judgment under the more lenient standard for setting aside a default judgment. We have often recognized that summary judgment is a procedural device for promptly resolving a case on the merits. *E.g.*, *Markgraf v. Welker*, 2015 ND 303, ¶ 10, 873 N.W.2d 26. We have also said the failure to respond to a summary judgment motion does not transform the resulting summary judgment into a default judgment. *Gustafson v. Poitra*, 2008 ND 159, ¶ 16, 755 N.W.2d 479. *See Hildebrand*, 2016 ND 225, ¶¶ 8-9, 888 N.W.2d 197 (stating judgment entered after failure to appear for trial does not constitute default judgment); *Goetz v. Gunsch*, 80 N.W.2d 548, 552-53 (N.D. 1956) (stating default judgment is judgment taken when defendant fails to answer or enter timely appearance and not when defendant fails to appear at trial). In *Gustafson*, at ¶¶ 14-18, we rejected a defendant's argument the district court denied him due process by not providing a hearing date before granting an unopposed motion for summary judgment. We explained the defendant's failure to respond to the summary judgment motion did not convert the subsequent summary judgment into a default judgment. *Id.* at ¶ 16. *See* N.D.R.Ct. 3.2(c) (stating failure to file brief by opposing party may be deemed admission that in opinion of party or counsel, the motion is meritorious); N.D.R.Civ.P. 56(e) (requiring party opposing summary judgment to set forth specific facts showing genuine issue for trial).

[¶11]   Here, in response to WSI's commencement of the action in late March and early April 2016, the Horrocks submitted documentation they claimed supported an adjustment to their premium balance. Their submissions constituted an appearance in the pending litigation. *See State v. $33,000.00 U.S. Currency*, 2008 ND 96, ¶¶ 8-9, 748 N.W.2d 420 (stating issue of appearance is question of law and appearance is any response sufficient to give plaintiff notice of intent to contest claim). We conclude the summary judgment entered after the failure to respond to WSI's motion for summary judgment is an adjudication on the merits and the court did not err in declining to apply the more lenient standard for a default judgment to the defendants' motion to vacate the summary judgment.

5

[¶12] The district court determined the defendants' disregard and neglect of the legal process was not excusable neglect. Although the defendants were not represented by counsel before the summary judgment was entered, their disregard of the legal process is not entitled to any different treatment because of their self-represented status and their claims about confusion and a mistaken belief that there was no need to respond to the summary judgment motion. *See Hildebrand*, 2016 ND 225, ¶ 7, 888 N.W.2d 197. Moreover, the defendants' motion to vacate, with counsel, was not brought until one year after the summary judgment was entered. We have said timeliness is a factor in considering a motion to vacate, and a defendant who allows a judgment to be entered and waits until the eleventh hour to challenge the judgment may bear the consequences of the delay. *See Key Energy*, 2018 ND 121, ¶ 14, 911 N.W.2d 319 (affirming denial of motion to vacate default judgment brought more than ten months after entry of default judgment). The defendants also complain about the amount awarded in the summary judgment. We have recognized that under some circumstances the amount of money at stake may be a legitimate factor for consideration, but we have also explained that factor is not enough to warrant vacation of a judgment in the absence of a good excuse. *See Key Energy*, 2018 ND 121, ¶¶ 2, 14, 911 N.W.2d 319 (affirming denial of motion to vacate default judgment for $951,191.62).

[¶13] The district court determined the defendants had not established excusable neglect. Moreover, the court also determined the defendants failed to identify any specific facts to establish a meritorious defense to the summary judgment or any other extraordinary circumstances warranting relief from the judgment. The court's denial of the defendants' motion to vacate the summary judgment was not a misapplication of the law and was the product of a rational mental process leading to a reasoned determination. We conclude the court's decision was not arbitrary, capricious, or unreasonable and was not an abuse of discretion.

[¶14]   We affirm the order denying the defendants' motion for relief from the judgment.

[¶15]   Gerald W. VandeWalle, C.J.
       Jerod E. Tufte
       Daniel J. Crothers
       Lisa Fair McEvers
       Jon J. Jensen