# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2020 ND 32

Hustle Proof Corporation and Chinedu Illogu
a/k/a BIG REENO,                                                  Plaintiffs and Appellees

v.

Ryan Matthews d/b/a The R Music Group &

WTF Touring,                                                                        Defendant

and

Zachary Beck a/k/a FUTURISTIC,                        Defendant and Appellant

### No. 20190239

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Steven E. McCullough, Judge.

AFFIRMED.

Opinion of the Court by Jensen, Chief Justice.

Matthew D. Kirschenmann (argued) and Ronald J. Knoll (on brief), Fargo, ND, for plaintiffs and appellees.

Asa K. Burck (argued) and Kip M. Kaler (on brief), Fargo, ND, defendant and appellant.

**Jensen, Chief Justice.**

[¶1]   Zachary Beck appeals from the denial of his request for relief from a judgment awarding damages to Hustle Proof Corporation and Chinedu Ilogu (Hustle Proof).  Beck argues the district court abused its discretion in denying his request for relief from the judgment pursuant to N.D.R.Civ.P. 60(b)(6) because he was not properly served with notice of the default judgment proceedings and the facts and circumstances of this case compel relief from the judgment.  We affirm.

I

[¶2]   Hustle Proof sued Beck and his manager, Ryan Matthews, alleging a breach of the parties' contract for a joint concert tour.  Beck and Matthews were personally served with the summons and complaint.  According to Beck, he was told by Matthews that Matthews would handle the lawsuit.

[¶3]   Matthews apparently initiated email contact with Hustle Proof's attorney regarding the lawsuit, but neither Beck nor Matthews answered the complaint.  Hustle Proof moved for the entry of a default judgment.  Notice of the default proceedings was sent by registered mail to Beck and Matthews at the address of Matthews' limited liability company in Florida.

[¶4]   Neither Matthews nor Beck appeared at the hearing on the motion for default judgment.  Hustle Proof sought the entry of a judgment in the amount of $252,740 consisting primarily of the profit Hustle Proof claimed it would have made had Matthews and Beck not breached the parties' contract.  The district court refused to enter a default judgment for a sum greater than the $3,000 guaranteed payment included in the parties' contract and offered Hustle Proof the option of the entry of a default judgment in the amount of $3,000 or proceeding to trial.  Hustle Proof elected to proceed to trial.

[¶5]   A jury trial was held on January 30, 2018.  Neither Matthews nor Beck appeared at the jury trial.  Hustle Proof presented its evidence to the jury and the jury returned a verdict in favor of Hustle Proof in the amount of $192,500 plus interest.  A judgment, including costs and interest, was entered in the amount of $227,790 on February 22, 2018.

[¶6]   Beck asserts he first became aware of the judgment on March 22, 2019, when the judgment was filed as a foreign judgment in the place where he was residing, Maricopa County, Arizona.  On April 18, 2019, Beck filed a motion for relief from the judgment pursuant to N.D.R.Civ.P. 60(b)(6).

[¶7]   On May 7, 2019, the district court denied Beck's motion for relief from the judgment.  Beck filed a motion for reconsideration.  The court vacated its May order, placed the motion for relief from the judgment on the court's calendar, and set a hearing on July 2.  Following the hearing, the court reinstated its May order denying Beck's requested relief from the judgment.

[¶8]   Beck appealed, asserting the district court erred by denying the relief from the judgment pursuant to Rule 60(b)(6) because Hustle Proof failed to comply with N.D.R.Civ.P. 5 when providing service of the notice of the motion for default judgment.  Beck also asserts the district court abused its discretion in denying his request for relief from the judgment pursuant to N.D.R.Civ.P. 60(b)(6) because the facts and circumstances of this case compel relief.

[¶9]   Beck characterizes the judgment as a default judgment entered pursuant to N.D.R.Civ.P. 55.  He contends the district court initially denied the entry of a default judgment, but ordered the entry of a default judgment following the submission of fact issues to the jury pursuant to N.D.R.Civ.P. 55(a)(2).  His contention that the district court entered a default judgment pursuant to Rule 55 rather than a judgment entered following jury trial is contrary to the record.  At the start of the hearing on July 2, the district court addressed this specific issue and noted "there never was a default judgment entered . . . it was a judgment entered after jury trial."

[¶10] Rule 60(b) of the North Dakota Rules of Civil Procedure governs relief from a final judgment. Rule 60(b)(6) provides as follows:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> . . . .
>
> (6) any other reason that justifies relief.

Rule 60(b)(6) is a "catch-all" provision applicable only when extraordinary circumstances justifying relief from the operation of the judgment are present. *Matter of Estate of Bartelson*, 2019 ND 107, ¶ 13, 925 N.W.2d 416; *Hildebrand v. Stolz*, 2016 ND 225, ¶ 16, 888 N.W.2d 197. Extraordinary circumstances include "where the judgment resulted from the excusable default of the party against whom it was directed under circumstances going beyond the earlier [subsections] of the rule." *State v. Red Arrow Towbar Sales Co.*, 298 N.W.2d 514, 517 (N.D. 1980) (citing *Hefty v. Aldrich*, 220 N.W.2d 840, 846 (N.D. 1974)). Rule 60(b)(6) must not be applied "to relieve a party from free, calculated, and deliberate choices" that have been made by the party. *Id.* A district court is less compelled to provide relief under Rule 60 from a trial on the merits as opposed to a default judgment. *Id.*

[¶11] A district court's decision on a motion to vacate a judgment under N.D.R.Civ.P. 60(b) will not be reversed on appeal unless the court abused its discretion. *Watford City Lodging LLC v. Miskin*, 2019 ND 136, ¶ 7, 927 N.W.2d 860. "A court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, when it misinterprets or misapplies the law, or when its decision is not the product of a rational mental process leading to a reasoned determination." *Id.*

[¶12] Beck argues the judgment should be vacated and the district court abused its discretion because he was not properly served with the motion for default judgment. He contends Hustle Proof mailed the notice of the motion for default judgment, and all of the subsequent notices, to an address that had not been used for several years. Beck also asserts the address at which he was residing at the time the notices were mailed was readily available to Hustle Proof with minimal effort. Beck's argument assumes notice of the motion for default judgment and subsequent notices were required to be mailed to him.

[¶13] Neither N.D.R.Civ.P. 5(a)(2), pertaining to the service of documents other than the summons and complaint, nor N.D.R.Civ.P. 55(a)(3), pertaining to default judgments, require the service of notice when a party has failed to make an appearance. Rule 5(a)(2) reads as follows:

> (2) If a Party Fails to Appear. No service is required on a party who is in default for failing to appear. But a pleading that asserts a new claim for relief against such a party must be served on that party under Rule 4.

Rule 55(a)(3) reads as follows:

> (3) A default judgment may be entered against a minor or incompetent person only if represented by a general guardian or other representative who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with a motion for judgment. Notice must be served with the motion and must comply with N.D.R.Ct. 3.2(a).

Hustle Proof's obligation to provide notice of the proceedings subsequent to service of the summons and complaint was only required if Beck appeared in the action.

[¶14] Beck concedes he did not personally contact Hustle Proof or Hustle Proof's counsel following the service of the summons and complaint. According to Beck, Matthews promised to handle the dispute with Hustle Proof. Beck

argues the subsequent contact Matthews made with Hustle Proof is legally sufficient to find Beck made an appearance in the action. Beck asks this Court to conclude he had made an appearance in this action when Matthews, a co-defendant, who is not an attorney but was acting as an agent, made contact with the opposing party.

[¶15] We have previously recognized "[t]he moving party bears the burden of establishing sufficient grounds for disturbing the finality of the judgment, and relief should be granted only in exceptional circumstances." *Shull v. Walcker*, 2009 ND 142, ¶ 14, 770 N.W.2d 274. "An appearance, like any other reason of mistake, inadvertence, surprise, or excusable neglect for relief from a judgment, must be factually demonstrated." *Hatch v. Hatch*, 484 N.W.2d 283, 286 (N.D. 1992). "Even though we broadly interpret whether a person has appeared, relief is denied when a party is unable to factually demonstrate an appearance." *US Bank Nat'l Ass'n v. Arnold*, 2001 ND 130, ¶ 14, 631 N.W.2d 150.

[¶16] It is unnecessary for this Court to determine if contact by a co-defendant, who is not an attorney but is acting as an agent, is sufficient to satisfy the requirement of an appearance for another party. Beck failed to provide any admissible evidence Matthews actually initiated contact with Hustle Proof on Beck's behalf. While Matthews may have promised Beck he would initiate contact with Hustle Proof on Beck's behalf, the evidence in the record is limited to a statement by Hustle Proof's attorney that emails had been received from Matthews. The content of the emails is not in the record. There is no evidence in the record to confirm what, if any, representations Matthews may have made to Hustle Proof's attorney regarding Beck. Even if Beck's assertion that Matthews promised to handle the matter is correct, there is no evidence Matthews followed through with the promise in any subsequent contacts Matthews made with Hustle Proof.

[¶17] Beck has the burden to factually demonstrate he made an appearance. The record does not support a determination Beck made an appearance, either personal or through Matthews. Absent an appearance, Beck was not required to be provided with notice subsequent to the service of the summons and

5

complaint. Under these circumstances we conclude the district court did not act in an arbitrary, unreasonable, or unconscionable manner, did not misinterpret or misapply the law, and its decision was the product of a rational mental process leading to a reasoned determination when it denied Beck's request for relief based on the absence of proper service.

IV

[¶18] Beck also argues the district court abused its discretion by denying his request for relief pursuant to Rule 60(b)(6) when considering all of the facts and circumstances of this particular case. Beck cites to his lack of notice of the proceedings subsequent to the service of the summons and complaint, regardless of whether notice was required or not required, as a fact supporting his request for relief from the judgment. He also contends his reliance on Matthews' promise to take care of the dispute with Hustle Proof, his immediate request for relief after becoming aware of the judgment, and his meritorious defenses to the action, all support his request for relief from the judgment.

[¶19] To prevail in his request for relief under Rule 60(b)(6), Beck must demonstrate extraordinary circumstances justifying relief from the operation of the judgment. *Hildebrand*, 2016 ND 225, ¶ 16, 888 N.W.2d 197. Although Beck did not appear at the trial, the judgment in this case was entered after a trial on the merits, and a district court is less compelled to provide relief under Rule 60 from a trial on the merits as opposed to a default judgment. *Red Arrow Towbar Sales Co.*, 298 N.W.2d at 517. Under the facts of this case, in denying Beck's request for relief from the judgment, the district court did not act in an arbitrary, unreasonable, or unconscionable manner, did not misinterpret or misapply the law, and its decision was the product of a rational mental process leading to a reasoned determination. We conclude the district court did not abuse its discretion in denying Beck's request for relief under Rule 60(b)(6).

V

[¶20] Beck failed to factually demonstrate he made an appearance in the action following the service of the summons and complaint, and he was not required to receive notice of the subsequent proceedings. Absent exceptional

6

circumstances, the district court did not abuse its discretion in denying Beck relief from the judgment under Rule 60(b)(6). We affirm the denial of Beck's request for relief from the judgment.

[¶21] Jon J. Jensen, C.J.
Gerald W. VandeWalle
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte