# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2020 ND 93

C & K Consulting, LLC,                                                    Appellant

     v.

Ward County Board of Commissioners,                           Appellee

### No. 20190312

Stonebridge Villas LLC,                                                  Appellant

     v.

Ward County Board of Commissioners,                           Appellee

### No. 20190313

Stonebridge Villas II LLC,                                              Appellant

     v.

Ward County Board of Commissioners,                           Appellee

### No. 20190314

Stonebridge Development Company LLC,                    Appellant

     v.

Ward County Board of Commissioners,                    Appellee

<hr>

No. 20190315

<hr>

Townhomes at Stonebridge LLC,                    Appellant

     v.

Ward County Board of Commissioners,                    Appellee

<hr>

No. 20190316

<hr>

Appeals from the District Court of Ward County, North Central Judicial District, the Honorable Todd L. Cresap, Judge.

REVERSED AND REMANDED.

Opinion of the Court by Tufte, Justice.

Benjamin J. Hasbrouck (argued), Michael S. Raum (on brief), and Aubrey J. Fiebelkorn-Zuger (on brief), Fargo, N.D., for appellants.

Mitchell D. Armstrong (argued) and Brian D. Schmidt (on brief), Special Assistant State's Attorneys, Bismarck, N.D., for appellee.

# C & K Consulting, LLC v. Ward County Board of Commissioners
## Nos. 20190312–20190316

**Tufte, Justice.**

[¶1]   C & K Consulting, LLC, Stonebridge Villas LLC, Stonebridge Villas II LLC, Stonebridge Development Company LLC, and Townhomes at Stonebridge LLC (together "C&K Consulting") appeal from a district court's dismissal of their cases against the Ward County Board of Commissioners ("Ward County") and the court's denial of their motion for post-judgment relief. C&K Consulting argues the court erred when it dismissed the cases as a sanction for missing a briefing deadline.  Because the court did not conduct the required sanctions analysis, we reverse the court's dismissal judgment and its order denying C&K Consulting's motion for post-judgment relief and remand for further proceedings.

I

[¶2]   These consolidated cases are appeals from Ward County's decisions on C&K Consulting's applications for tax abatement and refunds.  On January 17, 2019, C&K Consulting appealed Ward County's decisions to the district court.  On April 5, 2019, the court's calendar control clerk sent a letter to the lead attorney for each side setting briefing deadlines.  The letter required C&K Consulting to file a brief on or before April 26, 2019, and it required Ward County to file its brief within ten days of service of C&K Consulting's brief.

[¶3]   On May 10, 2019, Ward County moved to dismiss the case.  Ward County argued that because C&K Consulting had not filed its brief and the deadline had passed, the district court should dismiss the case pursuant to N.D.R.Ct. 11.5, which allows a court to sanction a party for violating a court rule or court order.  On May 14, 2019, C&K Consulting responded, advising the court they had not abandoned the appeal.  C&K Consulting explained the lead attorney on the case had left the law firm representing C&K Consulting, causing confusion within the firm. C&K Consulting stated the attorneys taking over the file were unaware of the deadline.  C&K Consulting requested the court deny Ward County's motion to dismiss and set a new briefing deadline.

[¶4] On May 15, 2019, the district court granted Ward County's motion to dismiss, and a dismissal judgment was entered. The court found C&K Consulting's law firm employed approximately 275 attorneys and "[a]ttorneys leaving and/or joining a firm of this size is a commonplace occurrence and should not cause confusion within the firm." The court concluded C&K Consulting's justification for missing the deadline was "insufficient."

[¶5] On May 22, 2019, C&K Consulting moved for relief from the district court's judgment pursuant to N.D.R.Civ.P. 60(b). C&K Consulting argued relief was warranted because, unlike notifications of all other filings in the case, which were sent to all attorneys of record, notice of the calendar control clerk's letter was issued only to the lead attorney. Thus, according to C&K Consulting, the attorneys and staff monitoring the case did not receive notice of the briefing deadline. C&K Consulting also argued the court misapplied the law when it did not analyze the factors required for issuance of sanctions set out in *Ringsaker v. North Dakota Workers Compensation Bureau*, 2003 ND 122, ¶ 13, 666 N.W.2d 448, which Ward County's motion to dismiss did not address.

[¶6] On August 22, 2019, the district court denied C&K Consulting's motion for relief from the judgment. The court noted C&K Consulting's response to the dismissal motion did not raise the issue of whether the court should analyze the *Ringsaker* factors. The court declined to analyze the *Ringsaker* factors, reasoning that the only issue before it was "whether or not the court properly dismissed the matter based upon the evidence and arguments made at the time of the motion for dismissal." On October 15, 2019, C&K Consulting filed a notice of appeal from the dismissal order and judgments as well as the order denying its motion for post-judgment relief.

II

[¶7] C&K Consulting argues the district court erred when it dismissed the case as a sanction. C&K Consulting asserts dismissal as a sanction is excessive and, "at an absolute minimum," this Court should remand the case with instructions for the district court to analyze the *Ringsaker* factors and

2

reevaluate its analysis. Ward County asserts the appeal is untimely and alternatively argues dismissal was an appropriate sanction.

A

[¶8]   We first address the jurisdictional issue of whether the appeal is timely. Ward County argues Rule 60(b) relief from the judgment is unavailable in this case because the district court was sitting in an appellate capacity hearing an appeal from a governmental body. Ward County argues that "[i]f Rule 60(b) is not an available remedy in local governing body appeals, the appeal[s] should be dismissed because they were not taken within sixty days of the district court's [dismissal] judgment."

[¶9]   In *Lewis v. North Dakota Workers Compensation Bureau*, this Court held N.D.R.Civ.P. 60(b) was "inconsistent with the statutory appeal procedures of the Administrative Agencies Practice Act." 2000 ND 77, ¶ 11, 609 N.W.2d 445. We explained the North Dakota Rules of Civil Procedure apply to district courts sitting in an appellate capacity only to the extent they are not inconsistent with "the provisions of statutes relating to appeals to or review by the district courts." *Id.* at ¶ 7 (quoting N.D.R.Civ.P. 81(b)). The Court reasoned that allowing a district court to grant Rule 60(b) post-judgment relief in an administrative appeal would create a procedural inconsistency because it would place the district court in the position of fact finder and allow it to consider evidence that was not before the administrative agency. *Id.* at ¶ 11. The Court also observed that relief similar to Rule 60(b) was available under the Act, noting N.D.C.C. § 28-32-14 allows a party to petition the administrative agency to reconsider a final order. *Id.*

[¶10] In a subsequent case, *Friends of Duane Sand–2012 v. Job Service North Dakota*, 2016 ND 38, ¶ 6, 876 N.W.2d 433, we held an appeal was untimely because it was taken from a denial of a Rule 60(b) motion, which we concluded was a form of relief that was unavailable based on the rationale in *Lewis*. Friends of Duane Sand appealed a Job Service decision to the district court. *Id.* at ¶¶ 2-3. The court affirmed and entered judgment. *Id.* at ¶ 3. Friends of Duane Sand moved for reconsideration under N.D.R.Civ.P. 59 and for relief from the judgment under N.D.R.Civ.P. 60(b). *Id.* We applied the rationale

3

from *Lewis* and concluded the post-judgment relief sought was not available. *Id.* at ¶ 6. We therefore held the appeal was untimely:

> Because [the Administrative Agencies Practice Act] only authorizes appeals to this Court from a district court judgment entered after appellate review of an administrative agency decision, and because Friends of Duane Sand has appealed from the order denying its post-judgment motion and has not timely appealed from the district court judgment affirming the Job Service decision, the appeal is not authorized by statute.

*Id.* at ¶ 7.

[¶11] Ward County argues Rule 60(b) relief is unavailable in this case because the district court was sitting in an appellate capacity. As a result, Ward County argues, C&K Consulting's appeal is untimely under *Friends of Duane Sand*. We disagree. This case differs in important ways from *Lewis* and *Friends of Duane Sand*. Unlike appeals from administrative agencies under the Administrative Agencies Practice Act, there is a limited statutory framework for appeals from local governing bodies. *Compare* N.D.C.C. §§ 28-32-42-49 *with* N.D.C.C. § 28-34-01. Nor is C&K Consulting seeking the type of relief that would require the district court to shift from its appellate role to that of a trier of fact. Rather, the Rule 60(b) relief C&K Consulting seeks is from a procedural dismissal that was not based on the merits or facts decided below. Thus, the rationale of *Lewis* and *Friends of Duane Sand* does not apply here.

[¶12] Section 28-34-01, N.D.C.C., provides the procedures for appeals from local governing bodies "to the extent that it is not inconsistent with procedural rules adopted by the North Dakota supreme court." The North Dakota Rules of Civil Procedure "must govern procedure and practice to the extent these rules are not in conflict with the statutes [relating to the appeals]." N.D.R.Civ.P. 81(b). Given the nature of the relief C&K Consulting is seeking— relief from a dismissal ordered for violation of procedure during the appeal before the district court and not based on the facts or merits of the case before the local governing body—we conclude application of Rule 60(b) in this case would not create a procedural conflict or inconsistency.

4

[¶13] Having determined Rule 60(b) relief is available, we consider the timeliness of C&K Consulting's appeal. C&K Consulting filed their Rule 60(b) motion six days after the district court entered its dismissal judgment. This tolled the 60-day time period for an appeal from the judgment. *See* N.D.R.App.P. 4(a)(3)(A)(vi); *see also In re Estate of Bartelson*, 2013 ND 129, ¶ 12, 833 N.W.2d 522 ("if a party timely files a motion for relief under N.D.R.Civ.P. 60 no later than 28 days after notice of entry of judgment, the full time to file an appeal runs from service of notice of the entry of the order disposing of the Rule 60 motion"). The district court denied C&K Consulting's Rule 60(b) motion on August 22, 2019. C&K Consulting filed its notice of appeal 55 days later on October 15, 2019. Thus, C&K Consulting's appeal from the underlying judgment, as well as its appeal from the order dismissing its Rule 60(b) motion, is timely.

B

[¶14] We now turn to the merits of the appeal. C&K Consulting moved the district court for Rule 60(b) relief, arguing the court misapplied the law when it issued a sanction without conducting the analysis required by *Ringsaker*.

[¶15] Rule 60(b), N.D.R.Civ.P., allows the district court to grant relief from a final judgment when, as relevant in this case, there has been a mistake, excusable neglect, or "any other reason that justifies relief." Rule 60(b) attempts to balance the conflicting principles that litigation must be brought to an end, but justice should be done. *Workforce Safety and Insurance v. Eight Ball Trucking, Inc.*, 2019 ND 102, ¶ 7, 925 N.W.2d 411 (quoting *Carroll v. Carroll*, 2017 ND 73, ¶ 8, 892 N.W.2d 173).

[¶16] Our review is limited to whether there is a sufficient justification for disturbing the finality of the judgment. *Eight Ball Trucking*, 2019 ND 102, ¶ 7, 925 N.W.2d 411. We review the court's decision for an abuse of discretion. *Id.* An abuse of discretion occurs when the court "acts in an arbitrary, unreasonable, or unconscionable manner, when it misinterprets or misapplies the law, or when its decision is not the product of a rational mental process leading to a reasoned determination." *Id.* at ¶ 8 (citing *Riak v. State*, 2015 ND 120, ¶ 14, 863 N.W.2d 894).

[¶17] In *Ringsaker* we articulated the analysis the district court must conduct before issuing sanctions pursuant to N.D.R.Ct. 11.5 for violations of court rules or court orders. 2003 ND 122, ¶¶ 11-13, 666 N.W.2d 448. We stated that when issuing such sanctions, the court "must" consider a number of factors, including the culpability of the party being sanctioned, prejudice to the other party, and the availability of less severe alternative sanctions. *Id.* at ¶ 13. Because the district court in *Ringsaker* only considered culpability and did not consider the other factors, we concluded "the trial court's analysis was incomplete and it abused its discretion." *Id.* at ¶ 14. *See also Viscito v. Christianson*, 2015 ND 97, ¶¶ 30-31, 862 N.W.2d 777 (remanding case when district court did not consider less severe sanctions); *Belgarde v. Askim*, 2001 ND 206, ¶ 13, 636 N.W.2d 916 (court abused its discretion when it ordered sanctions without considering the availability of less severe sanctions).

[¶18] In the present case, the district court denied C&K Consulting's Rule 60(b) motion without analysis of the *Ringsaker* factors because C&K Consulting did not direct the court to those factors in its initial response to Ward County's motion to dismiss. However, the party requesting sanctions ordinarily "bear[s] the initial burden to address the relevant factors and apprise [the] court of the relevant law." *DeepGulf Inc. v. Moszkowski*, 333 F.R.D. 249, 255 (N.D. Fla. 2019) (movant for sanctions did not carry its burden when it failed to "provid[e] essential information that this court must consider to address a motion for sanctions"). Ward County also did not identify the requisite sanction analysis in its motion.

[¶19] We have identified a "more lenient standard" for granting Rule 60(b) motions for cases disposed of on procedural grounds, and we have expressed a preference for cases to be decided on the merits. *Eight Ball Trucking*, 2019 ND 102, ¶ 9, 925 N.W.2d 411. Applying this more lenient standard and the fact that Ward County bore the burden of directing the district court to the relevant analysis, we conclude the court abused its discretion when it chose not to revisit its dismissal judgment, which was not supported by the required *Ringsaker* analysis and was therefore a misapplication of the law. *See Belgarde*, 2001 ND 206, ¶ 11, 636 N.W.2d 916 (ordering sanctions without conducting complete analysis is a misapplication of the law).

## III

[¶20] We reverse the district court's dismissal judgment and its order denying C&K Consulting's Rule 60(b) motion and remand with instructions for the court to decide what sanction, if any, is appropriate under the *Ringsaker* factors.

[¶21]    Jerod E. Tufte
    Lisa Fair McEvers
    Gerald W. VandeWalle
    Jon J. Jensen, C.J.

    I concur in the result.
    Daniel J. Crothers